(No. 28239.—

SELMA HOEFFNER, Appellant, *vs.* MARY HOEFFNER, Appellee.

*Opinion filed January 17, 1945.*

254

Thomas C. Kennedy, of Chicago, for appellant.

Frank R. Reynolds, and John E. Toomey, both of Chicago, for appellee.

Mr. Justice Wilson delivered the opinion of the court:

A decree of the circuit court of Cook county dismissed the complaint of the plaintiff, Selma Hoeffner, seeking partition of an improved parcel of real estate between the defendant, Mary Hoeffner, and herself. Plaintiff prosecutes a direct appeal, a freehold being necessarily involved.

February 8, 1923, Peter Hoeffner and the plaintiff were married. Thereafter, on May 4, 1925, he obtained a divorce decree based upon plaintiff's extreme and repeated cruelty. The decree recited that the parties had settled all their property rights and, pursuant to their agreement, Peter Hoeffner had paid to Selma Hoeffner thirty thousand dollars in full satisfaction of all rights which she then had or might thereafter have in any property, real or personal,

owned by him. August 29, 1925, Hoeffner sold an apartment building to Louis E. and Sarah Touff, and received, as part payment, a note for $110,875, secured by a purchase money mortgage. November 12, 1925, Peter Hoeffner and plaintiff, his former wife, married each other again. Default was made in the payment of principal and interest on the mortgage indebtedness and, on September 19, 1930, Hoeffner instituted a foreclosure proceeding in the circuit court of Cook county and prosecuted it to a decree of foreclosure, entered on February 19, 1931. The property in controversy was sold at a master's sale on April 1, 1931, to Hoeffner for $117,914.96. The master in chancery issued a certificate of sale to Hoeffner and, in due course, the master's sale was confirmed by an order of the circuit court. Subsequently, Hoeffner made an assignment on the reverse side of the certificate of all his right, title and interest to his daughter, Mary Hoeffner. This assignment was later erased and a new assignment was made by Hoeffner to a nominee, Florence Fuchsteiner, who, in turn, reassigned her interest in the certificate to Peter Hoeffner and Mary Hoeffner, as joint tenants and not as tenants in common. These assignments were made in June or July, 1936, after the period of redemption had expired. On July 29, 1936, the master's certificate was surrendered and a master in chancery issued his deed conveying the property to Peter Hoeffner and Mary Hoeffner in joint tenancy. The deed was caused to be recorded on August 18, 1939. Peter Hoeffner died testate on August 17, 1942, leaving as his only heirs-at-law his wife, the plaintiff, and his daughter, the defendant. By his will, Hoeffner devised and bequeathed his entire estate to his daughter, Mary, and appointed her executrix of his will. The will was admitted to probate by the probate court of Cook county November 19, 1942, and letters testatmentary were issued to defendant. On December 23, 1942, plaintiff filed her renunciation of Hoeffner's will in the probate

court of Cook county, claiming her statutory rights as his widow. In the meantime, on September 8, 1942, she filed her complaint against the defendant.

By her complaint, plaintiff charged that the defendant, Florence Fuchsteiner, and Peter Hoeffner entered into a conspiracy to deprive her of her statutory rights and inchoate rights as the wife of Peter Hoeffner to the apartment building previously mentioned; that the assignments of the certificate of sale and the issuance of the master's deed were done with the deliberate purpose of defrauding her of her legal rights in the property, and that she knew nothing of the transaction until after the death of her husband. Plaintiff charged, further, that defendant was, at all times, the agent and adviser of her father in the management of his property, that the assignments and conveyances heretofore described were a sham and without any consideration, and that her husband exercised complete ownership over the property and the income therefrom until the day he died. Accordingly, she alleged that, upon the death of Peter Hoeffner, she became the owner of an undivided one-third interest in the property and that defendant was entitled to the remaining two-thirds' interest. The relief sought was that the assignments on the certificate of sale and the master's deed be set aside as to her asserted one-third interest and cancelled as a cloud upon her title; that partition be made between defendant and herself upon the basis set forth, and that an accounting be made. Defendant denied the material allegations of plaintiff's complaint, averred that she became sole owner of the property upon the death of her father, and, further, that plaintiff was barred from asserting any claim or interest in the property because of the divorce decree and property settlement recounted. The answer of the defendant, Florence Fuchsteiner, disclaims any interest in the property. Plaintiff replied to defendant's answer. Defendant next filed a supplementary answer denying, among other allegations,

that plaintiff's inchoate right of dower attached to the certificate of sale and averring, as an alternative defense, that if the acquisition of the certificate vested in Peter Hoeffner title to the property in fee simple and plaintiff's inchoate right of dower immediately attached to this certificate that she, nevertheless, would be unable to assert a dower interest for the reason that she failed to perfect her right thereto by not filing in the office of the recorder of deeds, within ten months after the death of her husband, or within ten months after the issuance of letters testamentary or in such further time as allowed by the probate court of Cook county, a written instrument signed by her describing the property in question and declaring it to be her intention to take dower in the real estate, as required by section 19 of the Probate Act. (Ill. Rev. Stat. 1943, chap. 3, par. 171.) Plaintiff filed a reply to defendant's supplemental answer alleging that, upon her renunciation of her husband's will, she became and is seized in fee simple of an undivided one-third interest in the property involved in this litigation and that she is "not claiming dower in the estate of Peter Hoeffner, Deceased."

The cause was referred to a master in chancery who heard evidence and found that the purpose of the last assignment to Peter and Mary Hoeffner, as joint tenants, was to eliminate the possibility of plaintiff acquiring any interest in the real estate in the event of the prior death of Peter Hoeffner; that plaintiff had failed to prove her charge the assignments were only purported, pretended and a sham but, instead, that they were actual and absolute, having been made for the consideration of the love and affection of Peter Hoeffner for his daughter, Mary. The master concluded that Hoeffner's interest in the certificate of sale was personal property, that it was, in consequence, unnecessary for his wife to join in the assignment; that the assignment was valid and created an estate of joint tenancy between Peter Hoeffner and Mary Hoeffner, his

daughter, free from any claim of dower rights of plaintiff; that the assignment was not a fraud upon plaintiff, and that, upon her husband's death, absolute title vested in his daughter as the surviving joint tenant. Accordingly, the recommendation was made that the complaint be dismissed for the want of equity. Objections interposed by plaintiff to the master's report were ordered to stand as exceptions. The exceptions were overruled, and the chancellor entered a decree finding that plaintiff acquired an inchoate right of dower in the real estate in controversy at the time her husband acquired the certificate of sale; that this right continued in her up to and including the day her husband died; that plaintiff is barred, however, from electing to take dower in the property owing to her failure to file in the office of the recorder of deeds of Cook county, within the time prescribed by law, an instrument, signed by her, describing the real estate and declaring her intention to take dower therein. The master's report was approved and confirmed, and the decree adjudged that plaintiff's complaint be dismissed for the want of equity at plaintiff's costs. This appeal followed.

Additional facts and circumstances merit mention. A stenographer, employed by the master in chancery to whom the foreclosure proceeding was referred, testified that, at the time the assignment of the certificate of sale was made, she heard a conversation between Peter Hoeffner and his daughter; that both were very anxious to have the assignment made, and that they desired title to be taken in joint tenancy so the property would eventually belong either to Hoeffner or his daughter "and so that 'the old lady' (meaning Mrs. Hoeffner) would not get the property." Defendant denied the statements attributed to her. L. H. Meyer, a real estate broker, testified that, in the early part of 1940, when he was collecting the rents from the tenants in the apartment building, defendant requested him to turn the rents over to her father for the reason the money belonged

to him and "he could handle his own money." He added that she frequently remarked she was merely the agent of the building for the owner. Meyer stated that the money he turned over to Hoeffner was deposited in defendant's name in a Chicago bank. On cross-examination, he testified further that the checks he received from tenants were made payable to defendant; that when he received cash or checks, he would give a receipt signed by defendant and that, to the best of his knowledge, he received no checks payable to Hoeffner. Defendant testified that, from April, 1930, to August 17, 1942, she devoted her time to managing the property in litigation; that she collected rents from the tenants and had complete charge of the management of the building, that she prepared and signed the leases given to the tenants, paid all the bills, let the contracts for renovating and repairing the property, and paid the taxes; that, from the rentals, she sent money each month to her father; that she issued receipts in her own name, and that she deposited the moneys received as rent in a Chicago bank in her own name. Plaintiff testified that, upon her remarriage to Peter Hoeffner, she did not return to him any part of the $30,000 which she received as a property settlement at the time of the divorce. Additional testimony by defendant discloses that she received a substantial inheritance from her maternal grandmother and, out of this, she contributed twenty thousand dollars to the purchase of the apartment building and, indeed, that her father purchased the property with this money.

To obtain a reversal, plaintiff contends that Peter Hoeffner, as the owner of the purchase money mortgage, was, at all times thereafter, namely, subsequent to the execution of the mortgage, the owner of the property and vested with an absolute title. Her contention is, in effect, that during the seventeen years from the day Peter Hoeffner received the mortgage on the property to the day he died he was seized of, or owned, the apartment building and

that, upon her renunciation of his will, she became entitled to an undivided one-third interest in this particular parcel of real estate. This contention is devoid of merit. Peter Hoeffner, as mortgagee, did not have an interest in the real estate which could be sold under execution and had he died before default was made in payment of the mortgage debt, his widow would not have taken any right to dower in the mortgage, and it would have passed to his personal representative as personal property. *Williams* v. *Williams,* 270 Ill. 552.

Plaintiff contends, further, that the assignments of the certificate of sale and the issuance of the master's deed, during the interim between the sale of the property, at a time when Peter Hoeffner was unmarried, and the day of his death, disclose a scheme and a fraud perpetrated by defendant and Peter Hoeffner for the purpose of depriving her of her widow's statutory rights in the property. Construing the evidence most favorably to plaintiff, it appears that her husband and his daughter expressed a keen desire to have the assignment of the certificate of sale made in joint tenancy so that the property would go either to Peter Hoeffner or defendant and, on the other hand, so plaintiff would not obtain the property. Conceding that defendant made such a statement, proof of plaintiff's charges of conspiracy and fraud is woefully insufficient. It has long been settled that a husband enjoys the absolute right to dispose of his property during his lifetime, independently of the concurrence and exonerated from the claim of his wife, provided, of course, the transaction is not merely colorable and is free from circumstances of fraud upon the rights of the wife. Upon analogous facts, this court has held that a husband can convey real estate in his lifetime without the wife joining, that the wife will not thereby be deprived of her dower rights, but that if he does so convey his real estate she will be deprived of her right to take an absolute interest in his property in

lieu of dower. In short, an intent to deprive a wife of the right to take real estate, which otherwise she might claim, is insufficient to defeat a deed executed by the husband alone. (*Blankenship* v. *Hall*, 233 Ill. 116.) *Padfield* v. *Padfield*, 78 Ill. 16, is to the same effect where personal property is involved. Peter Hoeffner was married at least four times. He owned the property in litigation prior to his first marriage with plaintiff, and it is to be remembered that defendant contributed twenty thousand dollars to its purchase. Plaintiff received thirty thousand dollars in satisfaction of her statutory rights in any of Peter Hoeffner's real estate when he obtained a divorce from her. This money was not thereafter returned to Hoeffner. Nor does the record disclose the condition of Hoeffner's estate at the time he died. It may well be Hoeffner was of the opinion that plaintiff had received in excess of her statutory rights in the property. We recognize, of course, that the settlement made at the time of the divorce was not a bar to rights acquired through her subsequent remarriage to Peter Hoeffner. (*Seuss* v. *Schukat*, 358 Ill. 27.) The money he paid to plaintiff in 1925 does bear, however, upon her charge that the challenged assignments reflect an attempt by her husband and his daughter to defraud her of her rights in his property. The assignment of the certificate of sale was actual and absolute, and the evidence affirmatively demonstrates that it was not a colorable transfer nor attended with circumstances tending to indicate the perpetration of fraud on the rights of plaintiff. The many years that defendant managed the property and the method of management lead irresistibly to the conclusion that he intended to give, and she understood that she was receiving, the entire property. The master's finding that the manner of managing the real estate and the filing of income tax returns by her father and herself, each accounting for one half of the net rents for the years 1937, 1938 and 1939, the years immediately following the execution

of the master's deed, was not inconsistent with her being a joint owner with her father is amply supported by the evidence.

Reliance upon authorities holding that a voluntary conveyance of real estate by a party to a marriage contract, on the eve, or in contemplation, of marriage, is presumptively fraudulent upon the other's marital rights (*Knights* v. *Knights,* 300 Ill. 618; *Deke* v. *Huenkemeier,* 289 Ill. 148; *Jarvis* v. *Jarvis,* 286 Ill. 478; *Higgins* v. *Higgins,* 219 Ill. 146,) does not aid plaintiff. Obviously, transfers of property made with the specific intent to defraud a future wife of her marital rights are not in the same category as conveyances of property after marriage when he may, if he so desires, dispose of real estate without his wife joining in the execution of the deed.

Defendant maintains that the certificate of sale was personal property. In this, she is only partially correct. A master's certificate of sale, itself, does not convey title to the purchaser and only confers a right to obtain a title subject to redemption. (*Litwin* v. *Litwin,* 375 Ill. 90; *Bradley* v. *Lightcap,* 202 Ill. 154.) Title remains in the mortgagor or his grantee until the expiration of the fifteen months' period of redemption and until a conveyance by the master's deed. (*Chicago Joint Stock Land Bank* v. *McCambridge,* 343 Ill. 456; *Schroeder* v. *Bozarth,* 224 Ill. 310; *Bradley* v. *Lightcap,* 202 Ill. 154.) Upon the expiration of the fifteen months' period, no redemption having been made by the mortgagor, Peter Hoeffner's right to obtain title subject to redemption ripened into an absolute right to a deed. (*Litwin* v. *Litwin,* 375 Ill. 90.) Since Peter Hoeffner enjoyed the right to convey the property without plaintiff joining in the conveyance, a valid joint tenancy estate was created between him and his daughter. (*Porter* v. *Porter,* 381 Ill. 322; *Deslauriers* v. *Senesac,* 331 Ill. 437.) Upon the death of Peter Hoeffner, one of the joint tenants, defendant, the survivor, became the absolute owner of the

property, subject only to the assertion by plaintiff of dower rights, if any, prior to the creation of the joint tenancy. Admittedly, she did not perfect her right in accordance with section 19 of the Probate Act. Section 19 bars the surviving spouse from dower unless he (or she) perfects his right thereto by filing at the time, and in the manner therein provided, a written instrument describing the real estate and declaring an intention to take dower therein. See *Dial* v. *Dial,* 378 Ill. 276. Indeed, plaintiff asserts in her pleading that she is not claiming dower. If the property were inheritable, plaintiff's renunciation of the will would permit her to take a one-third undivided interest in the apartment building. Her renunciation of her husband's will is, however, ineffective with respect to the property involved, as section 16 of the Probate Act, authorizing a renunciation of a will by the surviving spouse, applies only to those cases where the survivor is entitled to take the estate, or a share, as an heir. (*Canavan* v. *McNulty,* 328 Ill. 388; *Lessley* v. *Lessley,* 44 Ill. 527.) The property in litigation was owned by joint tenants, and it is elemental that a joint tenancy estate is not an estate of inheritance, the joint owner first dying has no interest which he can devise, and title to the property held in joint tenancy passes to his survivor, as here, independently of the claims of the wife.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*