BEVERLY VAN FLEET, Plaintiff-Appellant, *v.* FRED VAN FLEET *et al.*, Defendants-Appellees.

Third District No. 3—83—0543

Opinion filed August 6, 1984.—Modified on denial of rehearing August 23, 1984.

Herbert F. Schultz, of Wingard, Schultz, Shearer & Melaas, of Rock Island, for appellant.

Karl Bredberg, of Aledo, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This appeal is the result of a ruling by the circuit court of Mercer County that defendant-appellee, Tony Van Fleet, was a proper party entitled to redeem three tracts of real estate from a mortgage foreclosure sale to the purchaser, plaintiff-appellant Beverly Van Fleet.

In divorce proceedings between the plaintiff, Beverly Van Fleet, and her husband, Fred Van Fleet, an order was entered in July 1980 awarding Beverly a mortgage against three tracts of real estate owned by her husband in the amount of $103,460. In addition, certain other sums of money totaling $43,524 in settlement of property issues were awarded Beverly and reduced to judgment in November 1981. The court then ordered the execution of the judgment and the foreclosure of the mortgage.

On June 28, 1982, a judgment sale was held, at which time the three tracts were sold separately for the total amount of the November 1981 judgment plus accrued interest and costs. Tracts I and II were purchased by Beverly for $22,747 each and Tract III was purchased by Tony for $501.

The court entered a judgment for foreclosure and sale in this cause of action in October 1982 and on November 12, 1982, the three tracts were sold at a sheriff's sale *en masse* to Beverly for $178,336. Of this amount, $131,633 represented the mortgage debt plus costs and attorney's fees, and $6,703 was the bid for the November 1981 judgment together with statutory interest. On January 7, 1983, the final redemption date set forth in the order of October 12, 1982, Beverly was issued a sheriff's deed for all three tracts. Thereafter, on March 28, 1983, Tony received a sheriff's deed as to the tract he had purchased on June

28, 1982, and the next day he filed a motion to redeem.

On April 29, 1983, Fred Van Fleet quitclaimed his interest in all three tracts to Tony and on May 11, 1983, the court ruled on the motion to redeem, declaring Tony to be a proper party to redeem all three tracts and determining the final redemption date to be May 11, 1983. The court also found that the sheriff's deed dated January 7, 1983, had been prematurely issued to Beverly prior to the expiration of the redemption period and that Beverly had extinguished her judgment by bidding the judgment amount at the mortgage foreclosure sale. The redemption amount was held to be $187,131, consisting of the foreclosure bid price of $178,336 plus $8,795 in accrued interest.

On May 11, 1983, Tony quitclaimed his interest in all three tracts to John D. Shunick, who redeemed the property that same day by paying the amount to the clerk of the court. The plaintiff declined to accept the amount so tendered and filed this appeal.

The issue raised by plaintiff on appeal is whether the defendant was a proper party to redeem all three tracts of the real estate in question. We find that he was entitled to redeem all three tracts.

Section 12—128 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12—128) deals with the redemption rights of a defendant as to real property sold at a sheriff's sale. This section applies to suits to foreclose the lien of a mortgage or trust deed in the nature of a mortgage executed on or after August 7, 1961, or to foreclose any other lien upon real estate, arising on or after August 7, 1961, which is not governed by sections 12—124, 12—125, 12—126 and 12—127.

On June 29, 1981, by Public Act 82—511, section 18e of "An Act in regard to judgments ***" (Ill. Rev. Stat. 1981, ch. 77, par. 18e) was amended to reduce the redemption period from 12 months to six months, effective January 1, 1982. On August 19, 1981, the legislature adopted Public Act 82—280, the Code of Civil Procedure, wherein section 18e of "An Act in regard to judgments ***" (Ill. Rev. Stat. 1981, ch. 77, par. 18e) was to become section 12—128 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12—128), effective July 1, 1982.

Although section 18e had been prospectively amended, such amendment was not reflected in section 12—128 until July 13, 1982, when by Public Act 82—783, section 12—128 was amended to conform with the change in the redemption period effected by Public Act 82—511. Thus, the redemption period for real estate sold at a mortgage foreclosure sale or a sale to foreclose any other lien upon real estate was six months from January 1, 1982, through June 30, 1982; 12

months from July 1, 1982, through July 12, 1982; and six months thereafter.

Beverly contends that because the six-month redemption period was in effect on the date of the judgment sale, June 28, 1982, Fred's right to redeem expired on December 28, 1982, at which time Beverly acquired Fred's right to redeem Tracts I and II under the mortgage foreclosure sale. Beverly further contends that Tony acquired no right of redemption as to Tracts I and II under the mortgage foreclosure sale by virtue of the quitclaim deed conveyed to him from Fred. According to Beverly, Tony only had a right to redeem Tract III based on his sheriff's deed acquired at the judgment sale, and because the property was sold *en masse*, Tony could only acquire title to Tract III by tendering the entire purchase price.

■■ Section 12—138 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 12—138) provides that anyone entitled to redeem "may redeem the whole or any part of the premises sold, in like distinct parcels or quantities in which the same were sold." This section has been construed to permit a redemption in "distinct parcels" only when the tracts were so sold. Where two or more tracts of land are sold *en masse*, redemption must be *en masse*. *Oliver v. Croswell* (1866), 42 Ill. 41; *Oldfield v. Eulert* (1893), 148 Ill. 614, 36 N.E. 615.

However, Beverly's contention that she acquired Fred Van Fleet's right of redemption under the mortgage foreclosure sale upon the expiration of the redemption period for the judgment sale is clearly erroneous. Beverly only received a certificate of sale for Tracts I and II following the judgment sale. She was never issued a sheriff's deed for these tracts.

■■ ■ A certificate of sale is nothing more than a right to either the redemption money if a redemption is made or a deed in case no redemption is made. The title of the holder of the right to redeem is a fee title. If a deed is never issued to the holder of the certificate of sale, the title remains in the holder of the right to redeem and does not revest in him. The holder of the right to redeem never loses title until the deed actually issues. *Lightcap v. Bradley* (1900), 186 Ill. 510, 58 N.E. 221; *Hack v. Snow* (1929), 338 Ill. 28, 169 N.E. 819; *Schroeder v. Bozarth* (1906), 224 Ill. 310, 79 N.E. 583; *Sutherland v. Long* (1916), 273 Ill. 309, 112 N.E. 660.

In *Lightcap*, the court stated:

"The certificate of purchase does not transfer title, but only assures to the purchaser a conveyance of the legal title if the premises are not redeemed ***.

*** In this State the purchaser under a sheriff's sale upon

judgment and execution, or at a master's sale on foreclosure of a mortgage, acquires by his purchase no new title to the premises until the period of redemption has passed, and he is entitled to a deed. *** After the expiration of the period of redemption the title of the mortgagor would be absolutely gone, in the sense that the purchaser had become absolutely entitled to a conveyance of it and in this sense it has often been said that his title is gone, but it is never actually out of him until a conveyance is made. The purchaser cannot oust him from possession or call for an account of rents and profits, without a deed, and the certificate of purchase could never change from a lien into title to the land until a deed is made. The mortgagor's right is gone if the purchaser complies with the statute and avails himself of the right to a conveyance of the title. By the decree and by the statute the title of the mortgagor and those claiming under him would only be divested, and the legal title vested in defendant upon the execution of a deed ***." *Lightcap v. Bradley* (1900) 186 Ill. 510, 531-33, 58 N.E. 2d 222, 227-28.

 Beverly successfully bid on Tracts I and II at the judgment sale and was issued a certificate of sale; however, she never received a sheriff's deed for said tracts. Because of her failure to do so, Fred's title to Tracts I and II was never divested. The quitclaim deed of April 29, 1983, conveyed Fred's interest in Tracts I and II to Tony, including the right to redeem Tracts I and II under the mortgage foreclosure sale. By virtue of this interest in Tracts I and II, and his sheriff's deed to Tract III, Tony Van Fleet was the proper person to redeem all three tracts of real estate under the mortgage foreclosure sale.

Beverly also contends that, while the sheriff's deed of January 7, 1983, was erroneously issued, it should still be given effect. Beverly cites cases holding that erroneous application of a statute does not render the resulting judgment void and that a litigant's only remedy is to appeal that decision. While these cases recite abstract propositions of law, they are not applicable to the present case.

 It is well settled that the statutory right of redemption after the foreclosure sale is independent of the decree. The statute gives the right, not the decree. No action of the court is necessary to confer the right on the parties entitled, and no action of the court can take it away. (*Illinois National Bank v. Gwinn* (1945), 390 Ill. 345, 61 N.E.2d 249.) The court in *Gwinn* held that "A purchaser at a foreclosure sale buys the property subject to the statutory right of redemption, which can be exercised in the mode prescribed by statute, re-

gardless of the provisions of the decree and notwithstanding the premature issuance of a master's deed in accordance with such decree." (390 Ill. 345, 353, 61 N.E.2d 249, 253.) It is important that anyone, who possesses the right of redemption, should not lose that right by mistake or misinterpretation. The trial court was correct in finding that the sheriff's deed based on the foreclosure sale was prematurely given before the redemption period had run and in ordering it void.

Accordingly, the decision of the circuit court of Mercer County that defendant appellee Tony Van Fleet was a proper person to redeem all three tracts of property is affirmed.

Affirmed.

SCOTT and BARRY, JJ., concur.