773 F.2d 177
 13 Collier Bankr.Cas.2d 655, Bankr. L. Rep. P 70,759
In the Matter of Brendan A. TYNAN and Elizabeth Tynan,
Debtors-Appellants.
Kalman GOLDBERG, Plaintiff-Appellee,
v.
Brendan A. TYNAN and Elizabeth Tynan, Defendants-Appellants.
 No. 84-3072.
 United States Court of Appeals,
Seventh Circuit.
 Argued June 6, 1985.
Decided Sept. 19, 1985.
 
 Norman E. Wilson, Chicago, Ill., for defendants-appellants.
 Sheldon Belofsky, Chicago, Ill., for plaintiff-appellee.
 Before CUMMINGS, Chief Judge, WOOD, Circuit Judge, and WRIGHT, Senior Circuit Judge.*
 EUGENE A. WRIGHT, Senior Circuit Judge.
 
 
 1
 Brendan and Elizabeth Tynan were defendants in mortgage foreclosure proceedings in Cook County, Illinois. Kalman Goldberg was the successful bidder at the sheriff's sale held September 20, 1983 pursuant to the judgment of foreclosure.
 
 
 2
 Under Illinois law, the Tynans could redeem the property within six months after sale by paying the purchase price plus interest. ILL.ANN.STAT. ch. 110, Sec. 12-122 (Smith-Hurd Supp.1985). Here, the statutory redemption period expired on March 20, 1984.
 
 
 3
 On March 19, 1984, one day before that period was due to expire, the Tynans filed a petition in bankruptcy under Chapter 13 of the Bankruptcy Code, 11 U.S.C. Secs. 1301-30 (1983). They proposed a plan to redeem by refinancing of their equity of redemption.
 
 
 4
 On March 21, the sheriff issued a deed to the property to Goldberg.
 
 
 5
 On March 26, the Tynans filed an emergency motion to expunge the deed in bankruptcy court. Goldberg responded with a motion to strike the Chapter 13 plan.
 
 
 6
 On May 21, the court approved the Chapter 13 plan. By order of May 30, the court granted Tynans' motion to expunge the deed, denied Goldberg's motion to strike the plan, and suspended the running of the statutory redemption period until completion of the plan.
 
 
 7
 The district court reversed and remanded. Judge McGarr concluded that the bankruptcy judge did not have authority to extend the redemption period. The court held that under Section 108(b) of the Bankruptcy Code, the trustee had to redeem the property, if at all, within 60 days from the date the Chapter 13 petition was filed. We affirm.
 
 ANALYSIS:
 
 8
 We apply de novo review to the conclusions of law of both the bankruptcy and district courts. See In re Kimzey, 761 F.2d 421, 423 (7th Cir.1985) (clearly erroneous rule does not apply to review of bankruptcy court's conclusions of law).
 
 I. Section 1322(b)(5)
 
 9
 Initially, appellants assert that the right to cure default under Section 1322(b)(5)[1] of the Bankruptcy Code should be available to them. As appellee points out, this section is inapplicable because there was no default to cure after judgment of foreclosure was entered.
 
 
 10
 Goldberg satisfied the debt which the Tynans owed to the bank that had made the mortgage loan upon the property. See First Financial Savings and Loan Ass'n v. Winkler, 29 B.R. 771, 773 (N.D.Ill.1983) (there is no "mortgage" under which a Chapter 13 debtor can cure arrearages after entry of judgment of foreclosure and sale). Goldberg is a stranger to the property, not a creditor. Nor is he the mortgagee. The court correctly determined that Sec. 1322(b)(5) is inapplicable to these facts.[2]II. Section 108(b)
 
 
 11
 The district court held that the trustee's failure to redeem the property within 60 days of the filing of the petition in bankruptcy extinguished the Tynans' and the estate's interest in the property.
 
 Bankruptcy Code Sec. 108(b) provides:
 Sec. 108. Extension of time
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 (b) Except as provided in subsection (a) of this section, if applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may file, cure, or perform, as the case may be, before the later of--
 
 
 15
 (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and (2) 60 days after the order for relief.
 
 
 16
 11 U.S.C. Sec. 108(b) (1983).
 
 
 17
 Application of Sec. 108(b) to statutory redemption rights created by state law is an issue of first impression in this circuit. Apparently, only one circuit has confronted the issue. See In re Martinson, 731 F.2d 543 (8th Cir.1984); Johnson v. First National Bank of Montevideo, 719 F.2d 270 (8th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984).
 
 
 18
 We find the reasoning of these cases persuasive and hold that when a petition in bankruptcy is filed before the expiration of the applicable state redemption period, Sec. 108(b) extends the redemption period for 60 days from the commencement of bankruptcy proceedings.
 
 
 19
 As the district court concluded correctly, the only property interest which the Tynans had in the real estate after the foreclosure sale was the right of redemption. When the Chapter 13 petition was filed, the statutory right of redemption was an asset that passed to the trustee. 4 Collier on Bankruptcy, p 541.07, at 541-31 (15th ed. 1985). The real property sold at the sheriff's sale did not become part of the estate. Id.
 
 
 20
 Because one day remained on the statutory redemption period when bankruptcy proceedings commenced, Sec. 108(b) applied to extend the Illinois statutory right of redemption for 60 days "after the order of relief." The order of relief was the filing of the Chapter 13 petition. In re Martinson, 731 F.2d at 544 n. 3; Winkler, 29 B.R. at 774 n. 6.
 
 
 21
 The 60-day extension period of Sec. 108(b) ran from March 19 through May 18, 1984. In that interval neither the Tynans nor the trustee redeemed the property which vested "totally and completely in the foreclosure sale purchaser," Goldberg. See In re Kangas, 46 B.R. 102, 104 (Bankr.D.Minn.1985) (once 60-day period of Sec. 108(b) expires and debtor fails to redeem, debtor's interest in the property is terminated).
 
 
 22
 Appellants urge us to toll the running of the redemption period until the Chapter 13 plan is completed. They assert also that any application of Section 108(b) should be stayed pending disposition of this litigation. They argue that they were in the process of redeeming through refinancing, which would have taken place within the 60-day period but for the pending litigation.
 
 
 23
 These arguments must fail. If we were to adopt their position, we would cloud every title secured through a foreclosure sale due to the possible filing of a voluntary petition in bankruptcy during the statutory redemption period.
 
 
 24
 We adopt also the Eighth Circuit's position that Sec. 362 of the Bankruptcy Code, the automatic stay provision, does not toll the running of the redemption period. See Johnson, 719 F.2d at 278 (Sec. 108(b) is the only extension of time available to debtors). See also In re Rutterbush, 34 B.R. 101, 102 (E.D.Mich.1982) (Sec. 108(b) is clear congressional mandate that rights of a redemption purchaser can be stayed for no longer than 60 days); In re Petersen, 42 B.R. 39, 41 (Bankr.D.Or.1984) (running of statutory redemption period is not an "act" or "proceeding" within the meaning of 11 U.S.C. Sec. 362).
 
 
 25
 In conclusion, the district court properly held that the bankruptcy court's extension of the redemption period constituted an "impermissible creation of a property right." The district court's order reversing and remanding the case to the bankruptcy court is affirmed. The appellee will recover his costs on appeal.
 
 
 
 *
 The Honorable Eugene A. Wright, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, is sitting by designation
 
 
 [1]
 11 U.S.C. Sec. 1322(b)(5) (1983) provides:
 Sec. 1322. Contents of plan
 * * *
 (b) Subject to subsections (a) and (c) of this section, the plan may--
 * * *
 (5) notwithstanding paragraph (2) of this subsection, provide for curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due under the date on which the final payment under the plan is due; ....
 
 
 [2]
 In re Ivory, 32 B.R. 788 (Bankr.D.Or.1983), and In re Thompson, 17 B.R. 748 (Bankr.W.D.Mich.1982), cited by appellants are distinguishable because they involve situations where the original lender was the successful bidder at the foreclosure sale. In the Matter of Clark, 738 F.2d 869 (7th Cir.1984), is inapposite because it arose under Wisconsin law, the mortgage lender opposed the Chapter 13 plan, and no foreclosure sale had occurred before the Chapter 13 petition was filed