In re Glenn Richard HEISERMAN, Dorothy Marie Heiserman, Debtors.

The FEDERAL LAND BANK OF ST. LOUIS, Plaintiff,

v.

Glenn Richard HEISERMAN, Dorothy Marie Heiserman, Kim Bunch, Brad Bunch, and Jeffrey C. Taylor, Trustee Defendants.

Bankruptcy No. 86–72078.
Adv. No. 87–7063.

United States Bankruptcy Court,
C.D. Illinois.

Oct. 8, 1987.

Gerald M. Burke, East St. Louis, Ill., for Federal Land Bank.

Robert G. Kirchner, Champaign, Ill., for debtors.

Jeffrey Taylor, Decatur, Ill., Trustee.

## OPINION

LARRY LESSEN, Chief Judge.

The issue before the Court is whether under Illinois law a mortgagor has any interests or rights in property after a foreclosure sale and the expiration of the statutory redemption period.

On May 6, 1986, a judgment of foreclosure was entered on certain real estate owned by the Debtors, Glenn Richard Heiserman and Dorothy Marie Heiserman, in Shelby County, Illinois, by the Circuit Court of Shelby County. Pursuant to the terms of the judgment, a sale of the real estate was conducted by the Sheriff of Shelby County on June 3, 1986. The Federal Land Bank was the high bidder at the sale with a bid of $210,000.00.

On December 2, 1986, the Debtors filed a voluntary petition for relief pursuant to Chapter 12 of Title 11 of the United States Code.

On December 9, 1986, the Federal Land Bank recorded a Sheriff's Deed to the property. This recording followed the expiration of the six month redemption period provided by Illinois law. *See,* Ill.Rev.Stat. Ch. 110, Par. 12–128. However, 11 U.S.C. Sec. 108(b) provides that when a bankruptcy petition is filed just before the expiration of a state statutory redemption period, the redemption period is extended for sixty days from the commencement of the bankruptcy case. Therefore, after the expiration of this extended redemption period, and the Debtors' failure to exercise their right of redemption, the Federal Land Bank re-recorded a Sheriff's Deed to the property on February 6, 1987.

On February 26, 1987, the Federal Land Bank filed a petition for order of possession.[1] The petition alleged that the Debtors and Kim and Brad Bunch remained in possession of some or all of the property to which the Federal Land Bank had recorded its Sheriff's Deed. The petition sought an order of possession and the eviction of the Defendants.

On March 26, 1986, this Court granted the Land Bank's petition for an order of possession. The Court found that the facts and applicable law made it clear that the Land Bank was entitled to possession of the property. The Court stated its reasoning as follows:

"Pursuant to Section 108(b) of the Bankruptcy Code, the redemption period applicable to real estate upon the filing of a bankruptcy petition is the longer of the remaining redemption period or 60 days. In this case, since there was only one day remaining on the redemption period when the Debtors filed their bankruptcy petition, the redemption period was extended 60 days to and until January 31, 1987. When the Debtors did not make a redemption of the property prior to that time, the Land Bank was entitled to a Sheriff's Deed.

The Seventh Circuit Court of Appeals has expressly ruled on this issue. In the case of *Matter of Tynan*, 773 F.2d 177 (1985), the Seventh Circuit held that the redemption period is only extended for 60 days upon the filing of a Chapter 13 petition. When the amendments implementing Chapter 12 were passed, Section 108(b) of the Code was expressly amended to include a reference to filings under Chapter 12. The legislative history clearly tells the Court to look to case law interpreting Chapter 13 cases in deciding Chapter 12 cases. As such, this Court feels it must grant the relief requested."

The Court, therefore, found that the Land Bank was entitled to immediate possession of the real estate and ordered the United States Marshal to evict the Defendants.

On April 27, 1987, the Debtors filed a notice of appeal indicating their intention to appeal the Court's March 26, 1987, Order. Along with their notice of appeal, the Debtors filed an emergency motion for extension of time pursuant to Bankruptcy Rule 8002(c). The emergency motion stated that the Debtors' prior attorney erroneously informed them that they had twenty days to file their notice of appeal rather than the ten days prescribed by Bankruptcy Rule 8002(a). The Debtors argued that their reliance on the erroneous advice of counsel constituted excusable neglect which would warrant the granting of their motion to extend the time for filing their notice of appeal. The Court rejected this argument. The Court found that counsel's mistake of law did not constitute the requisite excusable neglect which would allow the late filing of the notice of appeal pursuant to Bankruptcy Rule 8002(c). *In re Fisher*, 65 B.R. 573 (Bankr.N.D.Ga.1986); *In re Tinnell Traffic Services, Inc.*, 43 B.R. 280 (Bankr.M.D.Tenn.1984); *In re Miller*, 59 B.R. 572 (Bankr.E.D.N.Y.1986); *In re Metro Paper Co., Inc.*, 18 B.R. 831 (Bankr.D. Col.1982). Accordingly, the motion to extend time to appeal was denied.

On May 6, 1987, the Debtors filed a motion to enjoin violation of the automatic stay provisions of the Bankruptcy Code and for other relief. The Debtors argue that the issuance of the Sheriff's Deed and the recording of the Deed on December 9, 1986, after the filing of the bankruptcy petition violated the automatic stay provisions of the Bankruptcy Code, and therefore both acts are null and void. In addition, the Debtors seek a finding that they hold legal and equitable title to the farm, and that said property is an asset of the estate.

The Federal Land Bank has moved to strike the Debtors' motion to enjoin and for other relief. The Land Bank first argues that the points raised in the Debtors' motion were a compulsory counterclaim pursuant to Bankruptcy Rule 7013 and are

---

1. An amended petition for possession was filed on March 9, 1987, which corrected a clerical error in the original petition.

now barred. The Land Bank further argues that the issues raised by the Debtors in their motion were previously determined during the hearing on the Land Bank's petition for order of possession. Therefore, the Land Bank argues that the Debtors are collaterally estopped from reraising and litigating those same points in this motion. The Land Bank also notes that pursuant to Bankruptcy Rule 7001(7), an action to obtain an injunction is an adversary proceeding, and the Debtors cannot proceed by motion in a previously filed adversary proceeding. Although these arguments are not without merit, the Court need not address them because they are moot in light of the Court's ultimate determination that the Debtors' motion must fail on the merits.

As noted in the Court's March 26, 1987, Order, the Seventh Circuit has explicitly held that under Illinois law the only property interest that passes to the bankruptcy estate after a foreclosure sale is the right of redemption, and that once the redemption period expires, the Debtors' interest in the property is terminated. *In re Tynan, supra,* 773 F.2d at 177. The facts in *Tynan* were analogous to the facts in the instant case. The Tynans were defendants in a mortgage foreclosure proceeding in Cook County, Illinois. A Sheriff's sale was held on September 20, 1983, pursuant to a judgment of foreclosure. The six month statutory redemption period expired on March 20, 1984. On March 19, 1984, one day before the expiration of the redemption period, the Tynans filed their Chapter 13 petition. On March 21st, the Sheriff issued a Deed to the property to the successful bidder at the Sheriff's sale. The Tynans then moved to expunge the Deed in Bankruptcy Court, and proposed a Chapter 13 plan to cure the default. The Seventh Circuit first found that 11 U.S.C. Sec. 1322(b)(5), which provides for the curing of a default in a Chapter 13 plan, was inapplicable because there was no default to cure *after judgment* of foreclosure was entered. *Id.* at 178. The Court further found that 11 U.S.C. Sec. 362, the automatic stay provision of the Code, does not toll the running of the redemption period. The only

extension of time available to debtors is 11 U.S.C. Sec. 108(b), which extends the redemption period for sixty days from the commencement of the bankruptcy proceedings. Most importantly, the Court stated:

[T]he only property interest which the Tynans had in the real estate after the foreclosure sale was the right of redemption. When the Chapter 13 petition was filed, the statutory right of redemption was an asset that passed to the trustee. 4 *Collier on Bankruptcy,* para. 541.07[3], at 541–31 (15th ed. 1985). The real property sold at the Sheriff's sale did not become part of the estate. *Id.*

*Tynan, supra,* 773 F.2d at 179. When neither the Tynans nor the trustee redeemed the property during the extended redemption period, the Court found that the property "vested 'totally and completely in the foreclosure sale purchaser.'" *Id.* at 179, citing *In re Kangas,* 46 B.R. 102, 104 (Bankr.D.Minn.1985). Applying *Tynan* to the instant case, it is clear that the Debtors lost their interest in the property when they failed to redeem it within the extended redemption period.

The Debtors argue that *Tynan* misstates Illinois law. They argue that they had an "incipient interest" in the property even after the expiration of the extended redemption period, and that they never lost their legal and equitable interests in the property. They rely on Ill.Rev.Stat., Ch. 110, Par. 12–145 to support their argument. Ill.Rev.Stat., Ch. 110, Par. 12–145 provides as follows:

Time of execution of deed. When the premises mentioned in such certificate are not redeemed in pursuance of law, the legal holder of the certificate is entitled to a deed therefor at any time within 5 years from the expiration of the time of redemption. The deed shall be executed by the sheriff or other officer who made the sale, or by his or her successor in office, or by some person specially appointed by the court for the purpose. If the deed is not taken within the time limited by Part 1 of Article XII of this Act, the certificate of purchase is void unless the purchaser under the certifi-

cate of sale has gone into possession of the premises under and in reliance on the certificate of sale within the 5 year period. If, however, the deed is wrongfully withheld by the officer whose duty it is to execute it, or if the execution of the deed is restrained by injunction or order of a court, the time during which the deed is so withheld or the execution thereof restrained shall not be considered as any part of the 5 years within which the holder is required to take a deed. P.A. 82–280, Sec. 12–145, eff. July 1, 1982. Amended by P.A. 83–707, Sec. 1, eff. Sept. 23, 1983.

Illinois cases construing this statute indicate that the failure to redeem does not divest the mortgagor of title to the property. The title of the holder of the right to redeem is a fee title, and, if a deed is not issued to the holder of the certificate of sale within five years from the expiration of the time of redemption, the title remains in the holder of the right to redeem. Title does not revest in him. The holder of the right to redeem does not lose title until the deed actually issues. *VanFleet v. Van-Fleet*, 126 Ill.App.3d 448, 86 Ill.Dec. 721, 467 N.E.2d 592 (1984); *Hack v. Snow*, 338 Ill. 28, 169 N.E.2d 819 (1930); *Sutherland v. Long*, 273 Ill. 309, 112 N.E. 660 (1916); *Schroeder v. Bozarth*, 224 Ill. 310, 79 N.E. 583 (1906); *Lightcap v. Bradley*, 186 Ill. 510, 58 N.E. 221 (1900). Accordingly, the Debtors maintain that at the time they filed their bankruptcy petition they held both legal and equitable title to their farm property, and that they retain these rights to this date.

■ The Debtors' argument that they had a property interest in the farm after the foreclosure sale and the expiration of the redemption period must be rejected for two reasons. First, the Seventh Circuit has explicitly ruled that the only property interest which a mortgagor has in real estate after a foreclosure sale is the right of redemption, and that once the redemption period expires, the mortgagor's interest in the property is terminated. *In re Tynan, supra*, 773 F.2d at 179. *Tynan* is directly on point, and was decided subsequent to all the cases cited by the Debtors. This Court

is bound by this Seventh Circuit precedent. *See, Powell v. U.S.*, 338 F.2d 556, 557 (7th Cir.1964); *Shakman v. Democratic Organization of Cook County*, 356 F.Supp. 1241 (N.D.Ill.1972).

Moreover, the Court believes that *Tynan* is the correct statement of Illinois law on this issue. Although the Debtors are correct in asserting that they still possessed legal and equitable title to the property after the foreclosure sale, this property interest was nothing more than a naked legal title, defeasible at the will of the holder of the certificate of sale, and of no substantive benefit to them in this bankruptcy proceeding. The issuance of the Deed by the Sheriff was a strictly ministerial act. *See*, Ill.Rev.Stat., Ch. 110, Par. 12–145 ("The deed *shall* be executed by the sheriff ...") (Emphasis added). Any delay in the execution of the Deed could not restore to the Debtors the interest they lost when the redemption period expired. The only interest retained by the Debtors after expiration of the redemption period was the vague hope that the mortgagee would neglect to record the Deed in the next five years. The Court cannot permit the Debtors to base a reorganization plan on such wishful thinking. This is especially true in a case like the instant one where the mortgagee has clearly expressed its intent to record the Deed.

*In re Blair*, 81 F.Supp. 904 (E.D.Ill. 1947), aff'd. 170 F.2d 830 (1948) cert. denied 336 U.S. 954, 69 S.Ct. 875, 93 L.Ed. 1108, directly addresses the issue raised by the Debtors. In *Blair*, a decree of foreclosure was entered on December 24, 1940. The property was sold on March 15, 1941, and a certificate of purchase was issued that day. The debtor's redemption period expired on March 15, 1942. The creditors' right of redemption expired on June 15, 1942. Neither the debtor nor any creditor redeemed the property. The debtor filed her bankruptcy petition on June 24, 1942. The deed pursuant to the certificate of purchase was given on July 9, 1942, and was filed on July 10, 1942. One of the issues before the Court was whether the debtor had any property interest in the

land on June 24, 1942, when the petition was filed. The Court found that the debtor had ceased to have or own any equity of redemption or other right in the land sufficient to support a proceeding or to entitle the debtor to proceed in bankruptcy. The District Court explained its reasoning as follows:

After expiration of both periods of redemption proved by the Illinois statute, Ill.Rev.Stat., Ch. 77, Secs. 18–20, on June 15, 1942, the debtor's title was a bare legal title defeasible by the Master's Deed and right of the holder of the Certificate of Purchase to demand and receive a deed giving him both title and right of possession was immediate and absolute. Ill.Rev. Stat., Ch. 77, Sec. 31; *Hoeffner v. Hoeffner,* 389 Ill. 253, 59 N.E.2d 684 [1945]. *The extent to which the debtor's right of possession and use might continue after expiration of the periods of redemption was measured solely by the will of the holder of the Certificate of Purchase and the time he might take to obtain a Master's Deed.* The debtor's right of possession and use was defeasible at the will of the holder of the Certificate of Purchase. It was not a right the debtor could prolong or enforce as a matter of legal or equitable right against the will of the holder of the Certificate of Purchase. It was a passive or negative right wholly dependent upon the failure of the holder of the Certificate of Purchase to take that to which he was entitled. It was not a right which is comparable to an equity of redemption or a right to redeem or a right that required some judicial act to defeat. *There was nothing left in the debtor which could be preserved or extended as a matter of legal or equitable right.* Clearly, it seems to me, the debtor, under the facts in this case, had no property interest in the land scheduled on June 24, 1942 which came within the protection of said Section 75. (Emphasis added).

81 F.Supp. at 910. On appeal, the Seventh Circuit discussed the issue as follows:

The debtor also argues that even though the court did not acquire jurisdiction of her property until June 24, 1942,

she still had a property interest in the equity of redemption because the Master-in-Chancery did not execute and deliver to the holder of the certificate of purchase a deed until July 9, 1942. As already noted, however, the holder of the certificate of purchase applied to the Master and requested a deed on June 16. The contention of the debtor in this respect is without merit in view of the decision of the Supreme Court in *State Bank of Hardinsburg v. Brown,* 317 U.S. 135, 63 S.Ct. 128, 87 L.Ed. 140 [1942]. Under that decision the issuance of the deed by the Master was only a ministerial act and any delay on his part in executing the deed could not restore to the debtor what she had lost by the expiration of the period of redemption on June 15, 1942. At the most, the debtor after such expiration had nothing more than a naked legal title which was of no benefit to her in the instant proceeding.

139 F.2d at 833.

Thus, it is clear that whatever rights the Debtors retained in the property after the foreclosure sale and the expiration of the redemption period did not rise to a level cognizable in a bankruptcy proceeding. Although the Seventh Circuit may have overstated its point in *Tynan* when it stated that the *only* right retained by the debtor after the foreclosure sale was the right of redemption, the rights actually retained by the debtors—bare legal title defeasible at will by the holder of the certificate of sale—were so speculative and minimal so as to be almost negligible. They are not sufficient to support a bankruptcy proceeding.

■ The remaining issue before the Court is whether the procurement and issuance of the Sheriff's deed after the filing of the bankruptcy petition violated the automatic stay of 11 U.S.C. Sec. 362. The Court agrees with the Debtors that the recording of the Deed on December 9, 1986, violated the automatic stay. The Debtors still had their right of redemption at this time. Therefore, the Debtors had an identifiable interest in the property to which the automatic stay applied, and the

Land Bank violated the stay when it recorded its Deed to the property. *See, In re Penfil,* 40 B.R. 474 (Bankr.E.D.Mich.1984). Accordingly, the December 9, 1986, recording of the Deed is null and void. *Kalb v. Feurerstein,* 308 U.S. 433, 60 S.Ct. 343 (1940); *In re White Motor Corp.,* 65 B.R. 19, 21 (N.D.Ohio 1986).

The Debtors have not alleged any injury from the recording of the Deed on December 9, 1986. Not only was the premature recording of the Deed null and void under Federal Bankruptcy law as a violation of the automatic stay, it was also null and void under Illinois law. *VanFleet v. Van-Fleet, supra,* 467 N.E.2d at 596; *Illinois National Bank of Springfield v. Gwinn,* 390 Ill. 345, 61 N.E.2d 249, 253 (1945). Thus, the Debtors were never prevented from redeeming their property during the extended redemption period. The Debtors were not injured in any way by the premature recording of the Deed. *See, In re Bain,* 64 B.R. 581, 584 (W.D.Va. 1986).

The Federal Land Bank apparently realized that the December 9, 1986, recording of the Deed was null and void because they rerecorded their Deed on February 7, 1987, after the expiration of the extended redemption period. The rerecording of the Deed did not violate the Sec. 362 automatic stay because the Debtors had lost their right of redemption at that time. Thus, the Debtors did not have an identifiable interest in the property, and Sec. 362 did not have any application to the property. *In re Kangas, supra,* 46 B.R. at 104.

For the foregoing reasons, the Debtors' motion to enjoin violation of the automatic stay provisions of the Bankruptcy Code and for other relief is DENIED.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.