FAIRCHILD, Senior Circuit Judge.
 

 Mattoon Federal Savings and Loan Association (Mattoon) appealed from an order of the district court affirming an order of a Bankruptcy Judge. Mattoon held a mortgage on the home of the Debtors (Allens). After default and acceleration of the entire principal, it had obtained a judgment of foreclosure. A foreclosure sale was held the day after the bankruptcy was commenced, and Mattoon was the successful bidder. The order of the Bankruptcy Judge determined, among other things, that the sale was void, and denied Mat-toon’s motion which claimed that under 11 U.S.C. § 549(c) the sale was not void.
 

 On December 14, 1983, the Allens filed their Chapter 7 bankruptcy petition. It is conceded that Mattoon’s counsel was informed on December 14 that a petition “would be” filed that day.
 
 [1]
 
 The foreclosure sale took place December 15.
 

 On January 19, 1984, the Allens filed a motion to convert to a Chapter 13 proceeding and a proposed plan. The plan called for payments to Mattoon sufficient to clear up the arrearage during the term of the plan and stated that current mortgage payments would be made outside the plan. The plan thus included “curing” the default and “maintenance of payments while the case is pending” under 11 U.S.C. § 1322(b)(5). The proposed "curing” necessarily included the concept of reversing the acceleration of the amount of the debt not yet due, often referred to as “deaceeleration.”
 

 On February 14, Mattoon filed a motion which it entitled “Motion for Determination of Secured [status] and Motion Divesting Trustee of any Possessory Right in Real Estate.” The motion prayed “that this Court abandon said real estate in favor of [Mattoon] and divest the trustee of any and all rights which he may claim by reason of his office.” Verbiage aside, it is clear that the motion sought a determination that the avoidance of the transfer to Mattoon was forbidden by 11 U.S.C. § 549(c). The motion asserted that Mattoon was a purchaser at a judicial sale, that the property was located in Coles County, a county different from the county in which the petition had been filed, and that a copy of the petition had not been filed with the Recorder in Coles County. As § 549(c) read at that time avoidance was forbidden in the case of a transfer “to a purchaser at a judicial sale” under those circumstances as well as “to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value.”
 

 On September 11, the Bankruptcy Judge entered the order appealed from. The order recited that it reduced to writing previous oral decisions, discussed and stated conclusions with respect to five questions, including the validity of the foreclosure sale, and closed with a series of specific orders, (1) allowing Allens’ motion to convert, (2) overruling Mattoon’s objection to that motion, (3) allowing Mattoon’s motion for determination of secured status, and (4) denying Mattoon’s motion divesting trustee of any possessory right in real estate.
 

 Mattoon appealed to the district court. On January 8, 1985, while the appeal was pending, an amended (but very similar) plan was filed. On January 31, the Bankruptcy Judge entered an order approving
 
 *327
 
 and confirming the plan. Mattoon did not appeal.
 

 On February 4, the district court entered an order affirming the order of September 11, 1984. The validity of the foreclosure sale was the only proposition discussed. Noting that other issues had not been discussed, specifically whether the Allens’ plan could “cure and reinstate” the mortgage, Mattoon timely sought reconsideration. The motion was heard and orally denied, without discussion of the other issues, March 25. Mattoon appealed.
 

 I. OUR JURISDICTION
 

 We construe the September 11 order as a decision that the foreclosure sale and transfer to Mattoon was void. We conclude that on that issue the order was final and ap-pealable to the district court under 28 U.S.C. § 158(a); and that the district court order affirming it was final and appealable under § 158(d).
 

 Several recent decisions of this court have dealt with the problem of determining finality of orders for the purpose of 28 U.S.C. § 158.
 
 See Matter of Morse Elec. Co., Inc.,
 
 805 F.2d 262 (7th Cir.1986),
 
 Matter of Sandy Ridge Oil Co., Inc.,
 
 807 F.2d 1332, 1334 (7th Cir.1986), and
 
 Matter of Wagner,
 
 808 F.2d 542 (7th Cir.1986). We find no case squarely in point. This court has held that “Orders approving or failing to approve the sale of a debtor’s property are considered final decisions and are immediately appealable.”
 
 In re Sax,
 
 796 F.2d 994, 996 (7th Cir.1986). We note that the order determining that the sale was void does not decide every issue in this matter affecting an interest of Mattoon. Finality might be clearer if the purchaser at the sale had been in all other respects a stranger to the proceeding. Nevertheless the order determines a substantial right of Mattoon in a significant way. Before the commencement of the bankruptcy case, and before the sale, Mattoon had the rights of the mortgagee under a mortgage foreclosed by judgment. If valid, the sale eom-menced the running of a six month period within which a defendant might redeem,
 
 [2]
 
 and gave Mattoon a right to a deed if a redemption was not made within that period.
 
 [3]
 
 An order declaring the sale void put Mattoon back in its previous position, needing to bring about a further sale when not in conflict with the bankruptcy law in order again to obtain a right to a deed upon failure to redeem or to enjoy the proceeds in the event of sale to another. A foreclosure sale is a vital step in the process of enforcement of a mortgage judgment and realization of the security for a loan. Depending on the circumstances, avoidance of a sale may have a significant effect on the future course of the bankruptcy proceeding. We think an order deciding the validity of the sale should be treated as final for the purpose of § 158. As will be seen, however, we do not think the order was final as to other issues.
 

 II. THE MERITS
 

 Eleven (11) U.S.C. § 362 is the automatic stay provision. Under it the filing of a petition operates as a stay of a number of described acts or processes, clearly including a foreclosure sale under these circumstances. Section 549(a) permits the trustee to avoid a transfer of property of the estate that occurs after commencement of the case and § 549(c) prohibits avoiding such transfer in described situations. When, as here, the property is not located in the county in which the bankruptcy case is commenced, and a copy of the petition has not been filed in the county in which the property is located, § 549(c) (as it read at the time of this sale), prohibited avoiding a transfer “to a good faith purchaser without knowledge of the commencement of the case and for a present fair equivalent value or to a purchaser at a judicial sale.” Mat-toon at least had notice early on December 14 that the petition would be filed that day. We have no difficulty in concluding under the circumstances that on December 15, Mattoon was not a “good faith purchaser
 
 *328
 
 without knowledge of the commencement of the case.” In its original motion, indeed, Mattoon relied only on its being a “purchaser at a judicial sale.” It argues that under the text of the statute, a transfer to a purchaser at a judicial sale cannot be avoided even if the purchaser has knowledge of the commencement of the case. The question of interpretation is whether Congress intended knowledge of commencement of the case to have the same effect on a purchaser at a judicial sale as it does on one who purchases in a different type of transaction. We conclude that this was the Congressional intent for three reasons: (1) It is difficult to find a reason why Congress would protect a purchaser at a judicial sale who has knowledge of the commencement of the case while denying protection to another purchaser with such knowledge; (2) Congress clearly provided that constructive notice of the commencement of the case would deprive either a purchaser at a judicial sale or a good faith purchaser in a different transaction of the protection of § 549(c); (3) In 1984, Congress revised the subsection and omitted reference to a purchaser at “a judicial sale,” thus recognizing that “good faith purchaser without knowledge of the commencement of the case” accomplished what Congress intended and that the reference to “a purchaser at a judicial sale” added nothing.
 

 We therefore conclude that the sale was properly found void, and Affirm the judgment appealed from.
 

 III. THE DEACCELERATION ISSUE
 

 The September 11,1984 order of the Bankruptcy Judge discussed five issues. Issue “d” was “Whether Debtors' Chapter 13 Bankruptcy plan may ‘deaccelerate’ and reinstate Debtors’ defaulted mortgage?” At the close of an extensive discussion of that issue the Bankruptcy Judge stated his conclusion that “Debtors’ Chapter 13 Plan may ‘deaccelerate’ Mattoon’s mortgaged debt by paying mortgage arrearages within the plan and by paying their regular payments outside of the plan.” None of the four specific orders at the close of the “order” reflected that ruling nor related in any way to issue “d.” The order of the district court on appeal did not discuss issue “d,” although it referred initially to the order of September 11 as having “de-accel-erated and reinstated the mortgage.” Mat-toon’s petition for rehearing asserted that the district court order had failed to dispose of this issue. The petition for rehearing was denied after colloquy which related only to contentions about § 549(c).
 

 We conclude that the order of September 11, 1984 was not a final order on the issue of deacceleration. A plan which proposed deacceleration of the mortgage debt had been filed, but consideration and approval remained for later action. What the Bankruptcy Judge wrote about deacceleration in the order of September 11 was a preliminary ruling on that feature of the plan. He evidently adhered to the ruling in his order of approval entered January 31,1985, but there was no appeal taken from that order to the district court. As to this issue the order of September 11 could not be appealed to the district court as a matter of right under 28 U.S.C. § 158(a). It could have been appealed only with leave of court. No leave was expressly given, and leave cannot be implied where the district court failed to discuss the issue even after the original failure was brought to the court’s attention.
 

 The parties have argued the matter as if the deaceeleration issue were properly before us. We conclude, however, that it is not.
 

 As heretofore stated, the judgment of the district court affirming the order of the Bankruptcy Judge as to the avoidance of the foreclosure sale is Affirmed.
 

 [1]
 

 . There was no evidentiary hearing. The secretary of Allens' counsel made an affidavit that on December 14 she called the office of Mr. McClarey, Mattoon’s counsel, and left a message that the petition "had been filed that morning.” Mr. McClarey made an affidavit that between 9:00 and 9:30 on the morning of December 14, the secretary had called and informed him that a petition "would be filed ... sometime later that day.” If each affiant referred to a different conversation, there was no conflict. We think, however, that it makes no difference in these circumstances to assume that on December 14 Mattoon was informed only that a petition
 
 would be
 
 filed later that day.
 

 [2]
 

 . Ch. 110, Illinois Revised Statutes, ¶ 12-128.
 

 [3]
 

 .
 
 Van Fleet v. Van Fleet,
 
 126 Ill.App.3d 448, 81 Ill.Dec. 721, 467 N.E.2d 592, 595 (Ill.App. 3rd Dist.1984).