In re W. David WESTON, Debtor.

W. David WESTON, Resource Concepts, Inc., Harold Masunaga, Marian Harada, Yukio Ayabe, Appellants,

and George Pingree,

v.

Roger A. MANN, Robert A Nickerson, Patricia Stoltenberg, Herbert H. Stoltenberg, Edwin Stoltenberg, Delford Ashley, Sam Hambarian, Alyce Hambarian, Lionel Ascher, Samuel Harmatz, Bernard Hodowski, Chris Waugh, H.E. Moses, and Harmatz and Hodowski, a partnership, Appellees.

Nos. 92–4188, 92–4193.

United States Court of Appeals, Tenth Circuit.

March 8, 1994.

W. David Weston, pro se.

Richard N. Bigelow, Salt Lake City, Utah, for Appellants Resource Concepts, Inc., Harold Masunaga, Marian Harada, and Yukio Ayabe.

Gerald H. Suniville (Eric C. Olson with him on the brief) of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for Appellees.

Before BALDOCK, BRORBY, and EBEL, Circuit Judges.

BRORBY, Circuit Judge.

In this appeal we are faced with a question which, when stated, answers itself: Does this court have jurisdiction on appeal absent a

notice of appeal? The district court dismissed the appeal from a bankruptcy court order for lack of jurisdiction 139 B.R. 543. We affirm.

The facts are simple when stripped of allegations involving all of the debtor's manifold and litigious business dealings. Mr. Weston (Debtor) filed a voluntary petition for relief under Chapter 11, which was almost immediately converted to a case under Chapter 7. At the First Meeting of Creditors, commonly called the 341 meeting, creditors took advantage of their right to elect a trustee of their own choosing. Debtor and a dissident group of creditors (styling themselves Surety Creditors) argued against the election during the meeting. The United States trustee filed a report on the disputed election. The creditors supporting the election filed a timely motion to resolve the election dispute; Debtor filed an objection. Surety Creditors did not file an objection. The bankruptcy court held a hearing on the disputed election. Debtor appeared pro se and presented his objections. Surety Creditors did not appear. The bankruptcy judge overruled the objections and held the election proper and the trustee duly elected. The United States trustee prepared a concise proposed order memorializing this ruling. The bankruptcy judge signed the order and it was entered on December 20, 1990. Copies of the order were sent to Surety Creditors and to Debtor. Debtor and Surety Creditors failed to file an appeal of the December 20 order.

On January 16, 1991, the bankruptcy court entered a second, redundant order on the disputed election prepared and presented by counsel for the creditors who successfully elected the trustee of their choice. Debtor filed a motion to reconsider this January order; Surety Creditors did not join in the motion or attend the hearing on the motion. The bankruptcy court denied the motion on two alternative grounds: (1) the January order was mere surplusage, and (2) the motion to reconsider was untimely whether it related to the January or the December order. Debtor filed an appeal of the January order. The Surety Creditors filed an untimely joinder to the debtor's appeal.

The district court dismissed the appeals of the January order because the December order was determinative and the appeals were not timely filed. Debtor and Surety Creditors appeal the district court's dismissal. They argue (1) the appeal time should have run from date of entry of the second order; (2) there was fraud in the way the first order was obtained; (3) the first order was modified by the second order; (4) the doctrine of unique circumstances should be invoked to allow their appeal; (5) the district court erred in not making findings regarding their appeal of the January order; and (6) Surety Creditors are entitled to mandamus relief.

We review the district court's dismissal for lack of jurisdiction under a de novo standard. *See Kansas Health Care Ass'n, Inc. v. Kansas Dept. of Social & Rehab. Serv.,* 958 F.2d 1018, 1021 (10th Cir.1992) (de novo review of prerequisites to this court's jurisdiction). This court has no jurisdiction absent a timely filed notice of appeal. *Gooch v. Skelly Oil Co.,* 493 F.2d 366, 368 (10th Cir.), *cert. denied,* 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 270 (1974). The requirement for a timely filed notice of appeal is mandatory. In its absence we must dismiss the appeal. *In re Herwit,* 970 F.2d 709, 710 (10th Cir. 1992) (appeal filed one day late dismissed for lack of jurisdiction); *In re Bucyrus Grain Co., Inc.,* 905 F.2d 1362, 1367 (10th Cir.1990) (timely filing of notice of appeal is mandatory and jurisdictional).

Debtor and Surety Creditors argue the time for appealing should run from entry of the January order. They assert entry of the second order somehow extended or restarted the time in which to appeal the election of the trustee. We disagree. The December 20, 1991 order was the final disposition of the election dispute. Entry of the January order did not supercede the December order; instead, it was merely redundant. Therefore, the entry of the January order had no effect on the time for filing appeals from the December order—that time had already run out before the January order

was entered.[1] Debtor and Surety Creditors were sent copies of the December order and did nothing. Because they let the time for filing an appeal expire, there is simply no jurisdiction to hear their appeal.

Debtor and Surety Creditors argue we may disregard the December order as void because it resulted from alleged fraud. They contend fraud is shown by the United States trustee's alleged failure to follow a local rule of practice for the preparation and serving of proposed orders. We disagree because the order accurately reflects the bankruptcy judge's announced intent to approve the election. The United States trustee is by statute the presiding officer at the 341 meeting and must submit a report if an election is disputed.[2] The United States trustee attended the hearing on the disputed election, presented its report and promptly submitted a proposed order reflecting the court's ruling. The court signed the order, and it thereby became a valid order of the court. These circumstances do not establish the order was procured by fraud.

■ Further, some of the allegations of fraud in this case address the merits of the decision and we are without discretion to review the merits if there is no timely appeal. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988). Such issues should have been raised in a direct appeal of the December order. Without a timely appeal of that order, we are unable to reach issues of the merits of that order. *Herwit*, 970 F.2d at 710.

Debtor and Surety Creditors argue the January order modified, replaced or was a novation of the December order. As noted above, the December order was the final resolution of the election dispute. It stands by itself, unaffected by the entry of the redundant January order. Accordingly, we find no error in the district court's conclusion the January order was merely surplusage.

■ Debtor and Surety Creditors argue the order should be set aside under the doctrine of unique circumstances because they were mislead by entry of the January order. We need not decide if the doctrine of unique circumstances would allow a late filed notice of appeal because the doctrine is not applicable to this case. The doctrine of unique circumstances applies where an affirmative action by the court has misled the appellant. *See Stauber v. Kieser*, 810 F.2d 1, 1–2 (10th Cir.1982) (time to file motion to alter or amend judgment extended because plaintiffs relied to their detriment upon district court's statements and actions). Because Debtor and Security Creditors had notice of the December order and because they chose to let the appeal period for that order run out before the January order was entered, it is not possible for the entry of the January order to have mislead them. Therefore, we agree with the district court that the doctrine of unique circumstances is not applicable to this case.

Debtor and Surety Creditors also argue the district court erred in not making findings regarding their appeal of the January order. We disagree. It would be pointless to resolve the merits of the appeal of the January order because the December order remains a final resolution of the matter, independent of subsequent events.

■ However, even if the district court could have reached the merits of the appeal of the January order, it would make no difference because Debtor and Surety Creditors do not have standing to appeal the decision on the disputed election. We have adopted the "persons aggrieved" test for standing to appeal from a bankruptcy court's decision. *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir.1989) (debtors have no standing to appeal allowance of administrative expenses because they are not persons with financial stake in the bankruptcy court's order). Unless the estate is solvent and excess will eventually go to the debtor, or unless the matter involves rights unique to

---

**1.** *See* Fed.R.Bankr.P. 8002(a) (ten days to file appeal).

**2.** *See* former Bankruptcy Rule X–1006(b) and (c) (procedure for disputed elections), now found at Fed.R.Bankr.P. 2003.

the debtor,[3] the debtor is not a party aggrieved by orders affecting the administration of the bankruptcy estate. *See In re El San Juan Hotel,* 809 F.2d 151, 154–55 & n. 6 (1st Cir.1987). Thus, the debtor does not have standing to appeal[4] the election of a Chapter 7 trustee. *Troy Plastics v. North Hills II,* 129 B.R. 473, 475 (E.D.Mich.1991).

▆▆▆▆ Surety Creditors' lack of standing results from their nonparticipation in the resolution of the disputed election. "Prerequisites for being a 'person aggrieved' are attendance and objection at a bankruptcy court proceeding." *Matter of Schultz Mfg. Fabricating Co.,* 956 F.2d 686, 690 (7th Cir. 1992) (citing *In re Commercial W. Fin. Corp.,* 761 F.2d 1329, 1334–35 (9th Cir.1985)), *petition for cert filed,* (U.S. June 29, 1992) (No. 92–5205). Surety Creditors did not file an objection or response to the motion to resolve the disputed election. They did not appear at the hearing set to resolve the debtor's objections. They received the copy of the December order and chose not to appeal it. They did not even file a timely joinder to Debtor's appeal of the January order. In short, having chosen not to participate in the resolution of the disputed election before the bankruptcy judge, they have no standing to appeal the bankruptcy court's resolution of the matter.

▆▆▆ Surety Creditors contend they are entitled to mandamus relief compelling the bankruptcy court to exercise jurisdiction over debtor's motion to reconsider the January order. They contend the bankruptcy court abused its discretion in refusing to reconsider the January order. Surety Creditors have not filed an application for a writ of mandamus. *See* F.R.A.P 21.

▆▆▆▆ "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon Inc.,* 449 U.S. 33, 34, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). The party seeking issuance of a writ of mandamus to compel a court to exercise jurisdiction when it is the court's duty to do so, has the burden of showing it has a "clear and undisputable" right to issuance, by demonstrating a "clear abuse of discretion". *Mallard v. United States Dist. Court,* 490 U.S. 296, 309, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989); *In re Dalton,* 733 F.2d 710, 716 (10th Cir.1984), *cert. dism'd,* 469 U.S. 1185, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985) (establishing five nonconclusive guidelines for determining the propriety of granting the writ).

▆▆▆ In the case before us, we do not reach whether we have authority to treat Surety Creditors' contention as an application for a writ of mandamus, because they do not even make a threshold showing of their right to issuance of a writ. *Cf. In re Kaiser Steel Corp.,* 911 F.2d 380 (10th Cir.1990) (authority to treat a petition for permission to appeal as a petition for mandamus). Surety Creditors did not file, or join in, the motion to reconsider the January order. As noted above, they do not have standing to appeal the election of the trustee where they are not a party aggrieved, because they did not attend the hearing or file an objection. Having failed to assert their interest at any appropriate phase in the bankruptcy court, they now seek extraordinary relief from this court. We decline to entertain their desire for mandamus relief. The extraordinary relief of a writ of mandamus is not a substitute for an appeal, and it is not a vehicle to relieve persons of the consequences of their previous decision not to pursue available procedures and remedies.

In conclusion, we **AFFIRM** the district court's dismissal of the appeal for lack of jurisdiction.

---

3. For example, discharge of debts or exemption of property from the estate.

4. *In re Blesi,* 43 B.R. 45 (Bankr.D.Minn.1984) involves the question of a debtor's standing to contest the election before the bankruptcy court and therefore is not authority in support of a debtor's standing to contest the election on appeal.