43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William M. STODDARD, Appellant,
v.
Steven R. BAILEY, Trustee, Appellee.
 No. 94-4082.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1994.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Debtor William Mack Stoddard appeals from a district court order dismissing his appeal from two interrelated bankruptcy court orders on timeliness and mootness grounds. We review these rulings de novo, see Weston v. Mann (In re Weston), 18 F.3d 860, 862 (10th Cir.1994)(timeliness); New Mexico Env't Dep't v. Foulston (In re L.F. Jennings Oil Co.), 4 F.3d 887, 888 (10th Cir.1993)(mootness), cert. denied, 114 S.Ct. 1372 (1994), and affirm.[2]
 
 
 3
 After his appointment as trustee, appellee filed an adversary proceeding in the bankruptcy court seeking to avoid, as fraudulent, the debtor's transfer of two parcels of real property to a third party. On January 29, 1992, the bankruptcy court entered judgment for appellee, voiding the transfer and re-vesting the properties in the bankruptcy estate. Debtor did not appeal. A year later, the trustee sent notice that he had received an offer to purchase one of the properties and moved the court for authorization to accept. On April 29, 1993, the bankruptcy court entered an order authorizing the sale free and clear of all liens, which would attach to the proceeds. Debtor filed a notice of appeal on May 7, 1993, complaining of the sale, but never moved for a stay of the April 29 order. Consequently, the property was sold on May 20, 1993. Thereafter, appellee moved to dismiss the appeal, arguing that (1)the sale of the property, permitted by debtor's failure to request a stay, had mooted any challenge to the authorization order, and (2)to the extent debtor sought to challenge the bankruptcy court's earlier judgment in the avoidance proceeding, his notice of appeal was clearly late. The district court agreed with the trustee in both respects and dismissed the appeal.
 
 
 4
 The Bankruptcy Code expressly cautions those affected by the authorized sale of estate property that even the subsequent reversal of the authorization order cannot affect the validity of a sale to a good faith purchaser,[3] "unless such authorization and such sale ... were stayed pending appeal." 11 U.S.C. 363(m). Because this statutory rule precludes appellate relief in the event the appellant lets an authorized sale take place while the authorization itself is under review, the courts have held that consummation of an unstayed sale moots any controversy over its authorization. See, e.g., Ewell v. Diebert (In re Ewell), 958 F.2d 276, 279, 282 (9th Cir.1992); In re Gilchrist, 891 F.2d at 560-61; Anheuser-Busch, Inc. v. Miller (In re Stadium Management Corp.), 895 F.2d 845, 847 (1st Cir.1990); see also Tomkins v. Frey (In re Bel Air Assocs., Ltd.), 706 F.2d 301, 304-05 (10th Cir.1983)(applying old Bankruptcy Rule 805, which mirrored the language of 363(m)); cf. In re Jennings, 4 F.3d at 890(appeal from order approving trustee's abandonment of estate property mooted where appellant failed to obtain stay and property was sold). The district court correctly applied these principles to debtor's appeal from the bankruptcy court's April 29 authorization order. Indeed, these principles may likewise undermine any attempt by debtor to appeal from the bankruptcy court's January 29 judgment, by which the trustee avoided debtor's earlier transfer of the same property. It would appear that the trustee's subsequent and now irreversible sale presents an equally insurmountable hurdle to effective appellate relief with respect to that action. See In re Bel Air Assocs., Ltd., 706 F.2d at 305 n. 10 (mootness principle in this context "is actually much broader [than the authorization order itself]. It extends to any appeal for which effective relief is precluded by the sale of the debtor's property."); see, e.g., In re Stadium Management Corp., 895 F.2d at 848 (363(m) bar applicable not only to order approving sale but also to related rulings which served as preconditions thereto).
 
 
 5
 In any event, we agree with the district court that debtor's May 7, 1992 notice of appeal could not establish the district court's appellate jurisdiction over the avoidance ruling. That ruling resolved the trustee's adversary proceeding and therefore was final and appealable upon its entry on January 29, 1992. See Adelman v. Fourth Nat'l Bank & Trust Co., N.A. (In re Durability, Inc.), 893 F.2d 264, 2266 (10th Cir.1990)(appropriate "judicial unit" for determination of finality/appealability in bankruptcy is the particular adversary proceeding pursued within the broader framework cast by the petition); see, e.g., Counts v. Wang Lab., Inc. (In re Virginia Info. Sys. Corp.), 932 F.2d 338, 340 (4th Cir.1991); In re Allen, 816 F.2d 325, 327 (7th Cir.1987). Thus, debtor had to file a notice of appeal within ten days of January 29, 1992, in order to appeal that judgment. See Bankr.Ct.R. 8002.
 
 
 6
 The judgment of the United States District Court for the District of Utah is AFFIRMED. Appellant's "Motion to Proceed with Judgment on the Issues" and "Motion for Judgment on Evidence Presented" are DENIED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Appellee has filed a motion to dismiss this appeal on the same grounds that prompted the district court's ruling. "However, there is nothing moot [or untimely] about the appeal from the district court to this court: We are asked here to determine whether the district court was correct in dismissing, as moot [and untimely], the appeal from the bankruptcy court. As we determine that the district court was correct in its order of dismissal, we DENY the motion to dismiss the appeal and AFFIRM the district court judgment." Gilchrist v. Westcott (In re Gilchrist), 891 F.2d 559, 561 (5th Cir.1990); see, e.g., Tompkins v. Frey (In re Bel Air Assocs., Ltd.), 706 F.2d 301, 303 (10th Cir.1983); Ewell v. Diebert (In re Ewell), 958 F.2d 276, 277, 282 (9th Cir.1992); cf. In re L.F. Jennings Oil Co., 4 F.3d at 888, 890(where district court ruled on merits, court of appeals' determination that appeal was moot resulted in dismissal)
 
 
 [3]
 We note debtor has not contended that the third parties who bought his property were not good faith purchasers