57 F.3d 1080
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bill Ray GUINN, Plaintiff-Appellant,
v.
Frank GUNTER; Colorado Department of Corrections,
Defendants-Appellees.
 No. 94-1372.
 D.C. No. 93-Z-2686
 United States Court of Appeals, Tenth Circuit.
 June 12, 1995.
 
 Before BRORBY, EBEL, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Bill Guinn appeals from the district court's order dismissing his underlying civil rights case. This court has a duty to examine its own jurisdiction in the first instance. City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1045 n. 8 (10th Cir.1994), cert. denied, 115 S.Ct. 1254 (1995). Because we conclude Guinn's notice of appeal is untimely, we must dismiss this appeal for lack of jurisdiction. Budinich v. Becton Dickinson & Co., 486 U.S. 196 (1988); Weston v. Mann (In re Weston), 18 F.3d 860, 863 (10th Cir.1994).
 
 
 2
 The district court order dismissing Guinn's civil rights case was filed on June 15, 1994. On August 11, 1994, over fifty days after the district court's final order, Guinn filed his notice of appeal. The Federal Rules of Appellate Procedure allow only thirty days in which to file a notice of appeal, unless "the United States or an officer or agency thereof is a party," in which case sixty days are allowed. Fed. R.App. P. 4(a)(1). Because neither the federal government nor an officer or agency thereof is a party to Guinn's suit, Guinn was required to file his notice of appeal within thirty days from the district court's final order, and his notice of appeal is untimely.
 
 
 3
 Shortly after filing his notice of appeal, Guinn filed a motion with the district court stating his belief that the Colorado Department of Corrections is an agent or officer of the United States, and requesting verification that he had filed his notice of appeal on time. Alternatively, the motion sought a thirty-day extension of time in which to file his appeal. Guinn's motion was dated August 11, 1994, and filed on August 15, 1994.
 
 
 4
 Fed. R.App. P. 4(a)(5) allows an appellant to request an extension of time in which to file a notice of appeal, however, the request for such an extension must be filed within the thirty-day period after the time for filing an appeal in that particular case has expired. Although the deadline for requesting an extension of time under Rule 4(a)(5) had expired on August 14, 1994, the district court considered and ruled on Guinn's motion requesting an extension of time.[2] The district court denied Guinn's motion, stating that he had thirty, not sixty, days in which to appeal the dismissal of his civil rights case.
 
 
 5
 Because Guinn did not appeal the district court's denial of his Rule 4(a)(5) request, we have no jurisdiction to review that determination. Because Guinn did not file his notice of appeal within the thirty-day period required by Rule 4(a)(1), or obtain an extension of time within the following thirty-day period, as set out in Rule 4(a)(5), this court lacks jurisdiction to hear Guinn's appeal. Accordingly, the appeal is dismissed.
 
 
 6
 Guinn has also filed a motion for injunctive relief, a supplement to that motion, and a motion for judgment on his request for an injunction. Because we lack jurisdiction over Guinn's appeal from the district court's final order, we also lack jurisdiction to consider his motions for injunctive relief pending appeal. See Desktop Direct, Inc. v. Digital Equip. Corp., 993 F.2d 755, 756-57, 760 (10th Cir.1993), aff'd, 114 S.Ct. 1992 (1994).
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The so-called prisoner mail rule may apply here. See Fed. R.App. P. 4(c), codifying the Supreme Court's decision in Houston v. Lack, 487 U.S. 266 (1988). Guinn's motion for an extension of time was dated on August 11, 1994, within the period of time allowed to request an extension under Rule 4(a)(5)