81 F.3d 172
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jimmy R. BULGIER, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF JUSTICE, Defendant-Appellee.
 No. 95-1514.
 United States Court of Appeals,
Tenth Circuit.
 April 5, 1996.
 
 Before ANDERSON, BARRETT and MURPHY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 Jimmy R. Bulgier (Bulgier), an inmate of the Colorado Department of Corrections (DOC), appearing pro se and in forma pauperis, appeals from the district court's Order dismissing his petition for a writ of mandamus seeking an order directing the Office of Civil Rights Compliance for the Department of Justice (Justice Department) to force the DOC to comply with the Americans With Disabilities Act, 42 U.S.C. 12101-12213(ADA).
 Bulgier alleged that he is legally blind, walks with a white cane, and has suffered numerous injuries while incarcerated because the DOC has failed to comply with his grievances relative to its non-compliance with the safety requirements of the ADA. Bulgier alleged that Colorado had discriminated against him. He requested that the district court issue a Writ of Mandamus to compel the Justice Department to take the necessary steps against the State of Colorado to force it to comply with the provisions of the ADA.
 
 
 1
 In issuing its Order dismissing Bulgier's petition for a Writ of Mandamus, the district court volunteered that Bulgier had an adequate remedy available to him, i.e., to file a complaint pursuant to the ADA.
 
 
 2
 On appeal, Bulgier contends that the district court abused its discretion in dismissing his petition. He argues that the court should have issued an order requiring a Martinez report and thereafter directed the Justice Department to require that the State of Colorado comply with the ADA. He asks that we remand to the district court, with another district judge presiding, directing the defendants to conduct an on-site inspection of his complaints and require compliance with the ADA.
 
 
 3
 In Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir.1995), we held that 28 U.S.C.1915(d) accords judges the authority to dismiss a claim based on an indisputable meritless legal theory. This applies in this case even though Bulgier appears pro se. While pro se complaints are held to "less stringent standards than formal pleadings by lawyer," Meade v. Grubbs, 841 F.2d 1512, 1516 (10th Cir.1988), still a pro se litigant must follow the same rules of procedure that govern other litigants. Green v. Dorrell, 969 F.2d 915, 917-18 (10th Cir.1992).
 
 
 4
 Issuance of the writ of mandamus is left to the discretion of the trial court. Kerr v. United States Dist. Court for Northern District of California, 426 U.S. 394, 403 (1976). Mandamus is a drastic remedy, which is to be used only in extraordinary situations. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980); Weston v. Mann (In Re Weston), 18 F.3d 860, 864 (10th Cir.1994). "Mandamus 'will issue only in those exceptional cases where the inferior court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute a judicial insurpation of power.' " Pacificare of Okla., Inc. v. Burrage, 59 F.3d 151, 153 (10th Cir.1995) (quoting Kaiser Steel Corp. v. Frates (In Re Kaiser Steel Corp.), 911 F.2d 380, 387 (10th Cir.1990). In considering the propriety of mandamus relief, the court must first determine whether the party seeking the writ has no other means to secure the relief desired. Id. at 153.
 
 
 5
 We hold that the district court did not abuse its discretion in dismissing petitioner's action based on a legal theory that is indisputably meritless.
 
 
 6
 We affirm substantially for the reasons set forth in the district court's Order of October 2, 1995.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3