## In re KOPEXA REALTY VENTURE CO., a Kansas General Partnership, Debtor.

### Earl E. "Skip" Kopp, Appellant,

v.

### Carl R. Clark, Trustee, United States Trustee, All American Life Insurance Company, and The United States Life Insurance Company in the City of New York, Appellees.

BAP No. KS–98–057.
Bankruptcy No. 95–21261.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Oct. 27, 1999.

---

Dennis Owens, Kansas City, Missouri, for Appellant.

William F. Schantz, Assistant United States Trustee (Barbara A. Shangraw, United States Trustee, with him on the brief) Wichita, Kansas, for Appellee United States Trustee.

Richard M. Beheler, Blackwell Sanders Peper Martin LLP, Kansas City, Missouri, for Appellees All American Life Insurance Company and The United States Life Insurance Company in the City of New York.

Before McFEELEY, Chief Judge, BOULDEN, and CORNISH, Bankruptcy Judges.

## OPINION

McFEELEY, Chief Judge.

■ Appellant Earl E. "Skip" Kopp ("Kopp") appeals the judgment of the United States Bankruptcy Court for the District of Kansas that denied his Motion for Resolution of Election Dispute. Kopp contends that the bankruptcy court erred when it found that the creditors' attempted election of a Chapter 7 trustee at the initial § 341 meeting of the creditors was invalid. Appellees American Life Insurance Company and The United States Life Insurance Company in the City of New York ("Creditors") argue that this Court should dismiss Kopp's appeal because Kopp, who is a general partner of Kopexa Realty Venture Co., the debtor in the Chapter 7 case at issue, lacks standing to contest the validity of a trustee election.[1] We agree with the Creditors. We dismiss the appeal.

## I. BACKGROUND

Kopexa Realty Venture Co. ("Debtor") is a Kansas general partnership consisting of Kopp and his wife, Carolyn K. Kopp. The Debtor initially filed a petition under Chapter 11 of the Bankruptcy Code. Subsequently, the Kopps were removed as debtors-in-possession, and Carl Clark was appointed as Chapter 11 Trustee. On April 6, 1998, the case was converted to Chapter 7. Carl Clark, as interim Chapter 7 trustee ("Trustee"), conducted the initial § 341 meeting of creditors on May 15, 1998. At the § 341 meeting, several creditors attempted to elect Joseph R. Borich, III, Esquire ("Borich") as permanent trustee pursuant to 11 U.S.C. § 702. At the end of the § 341 meeting, the Trustee stated that the § 341 meeting would be continued until June 5, 1998. On May 22,

1. This issue was not raised by the United States Trustee.

1998, seven days following the § 341 meeting, the Trustee filed a Report of Election Controversy. On June 9, 1998, Kopp filed Defendant's Motion for Resolution of Election Dispute ("Motion").

At the hearing on Kopp's Motion held on July 22, 1998, the bankruptcy judge ruled orally that the Motion was denied on grounds that the Motion was not timely filed under the requirements of Bankruptcy Rule 2003(d), that Kopp did not have standing to file the Motion on behalf of the partnership because he is not an attorney, and that some of the parties voting to elect Borich were not qualified to vote.

Kopp filed a Motion for Reconsideration of the Court's decision, asserting that he should have been allowed to argue his position at the July 22, 1998 hearing because he had been appearing on behalf of himself as an interested party, not the partnership. The bankruptcy court admitted that it erred when it denied Kopp the opportunity to speak, but it denied Kopp's Motion for Reconsideration, finding that such error was harmless since the bankruptcy court had denied the Motion due to "other defects in the election." This appeal timely followed.

## II. DISCUSSION

A party must have standing to bring an appeal before this Court. The inquiry into a party's standing focuses on whether a party is the appropriate party to pursue an appeal. *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir.1989).[2] The Bankruptcy Code of 1978, 11 U.S.C. § 101 *et seq.*, does not have a provision governing appellate standing. Prior to the current Bankruptcy Code, standing was governed by § 39(c) of the Bankruptcy Act of 1898, 11 U.S.C. § 67(c) (repealed 1978). *Holmes*, 881 F.2d at 940. This provision mandated that only "persons aggrieved" by the challenged bankruptcy court order had standing to appeal that order. *Id.* A number of circuits, including the Tenth Circuit, have held that the current standard for determining who has standing for the purpose of pursuing a bankruptcy appeal remains "persons aggrieved." *Id.*

Under the "persons aggrieved" standard, parties will have standing to appeal a bankruptcy court order only if their "rights or interests are directly and adversely affected pecuniarily by the decree or order of the bankruptcy court." *Id.* (internal quotation omitted).[3] When the facts are undisputed, whether appellants are "persons aggrieved" is an issue of law for the appellate court. *See Lopez v. Behles (In re American Ready Mix, Inc.)*, 14 F.3d 1497, 1500 (10th Cir.1994) (citing *GMAC v. Dykes (In re Dykes)*, 10 F.3d 184, 187 (3d Cir.1993)).

Before reaching the merits of Kopp's appeal, we first must consider whether Kopp has standing as a "person aggrieved." Kopp's relationship to this Chapter 7 bankruptcy case is that he is one of two general partners of the Debtor. Federal Rule of Bankruptcy Procedure 9001(5)(B) provides that when a debtor is a partnership, the term "debtor" includes "any or all of its general partners."[4] Fed.

---

**2.** An important policy behind the bankruptcy standing doctrine is to prevent bankruptcy litigation from becoming " 'mired in endless appeals brought by a myriad of parties who are indirectly affected by every bankruptcy court order.' " *Holmes*, 881 F.2d at 940 (quoting *Kane v. Johns–Manville Corp.*, 843 F.2d 636, 642 (2d Cir.1988)). *See also Kehoe v. Schindler (In re Kehoe)*, 221 B.R. 285, 287 (1st Cir. BAP 1998) (finding that "[t]he rule limiting appellate standing to 'persons aggrieved' by bankruptcy court orders springs from well established principles of judicial

economy and the parties' need for an orderly administration of each bankruptcy case").

**3.** A prerequisite for the "persons aggrieved" standard is " 'attendance and objection at a bankruptcy court proceeding.' " *Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir.1994) (quoting *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 690 (7th Cir.1992)).

**4.** Federal Rule of Bankruptcy Procedure 9001 states the following:

[T]he following words and phrases used in these rules have the meaning indicated:

R.Bankr.P. 9001(5)(B). Pursuant to the definition in Rule 9001(5)(B), Kopp is in the position of a debtor.

 The Tenth Circuit has construed the "persons aggrieved" standard as it applies to debtors. *Weston v. Mann,* 18 F.3d 860 (10th Cir.1994). In order to have standing to appeal bankruptcy orders affecting the administration of the bankruptcy estate the debtor must show either that "the estate is solvent and [the] excess will eventually go to the debtor," or that "the matter involves rights unique to the debtor." *Id.* at 863–64 (footnote omitted). *See also Holmes,* 881 F.2d at 940 (holding that debtors are not parties aggrieved by a bankruptcy court's order awarding a creditor attorney fees as an administrative expense because the debtors were not financially impacted by the court's decision). Orders that involve rights unique to a debtor include orders that discharge debts or orders that exempt property from the estate. *Weston,* 18 F.3d at 864 n. 3.

In *Weston,* the Tenth Circuit applied the "persons aggrieved" standard to a debtor who attempted to appeal a bankruptcy court order approving the election of a Chapter 7 trustee. 18 F.3d at 860 *et seq.* The Tenth Circuit held that since the debtor did not establish that it was a "party aggrieved" under either alternative of the test, the debtor did not have standing to appeal the election of the Chapter 7 trustee.[5]

This case is similar to *Weston.* Here, as in *Weston,* the challenged order involves the administration of a Chapter 7 estate: a debtor is attempting to contest the appointment of a Chapter 7 trustee.[6] First we note that Kopp has no standing to pursue this claim as a creditor. Under 11 U.S.C. § 702(a)(3), he could not have participated in the election of the trustee because he was "an insider."[7] Since the Code includes Kopp in its definition of "debtor," it is incumbent on Kopp to present us with evidence that he meets either prong of the *Weston* "person aggrieved" standard. This he has failed to do. Specifically, Kopp has not shown that as a debtor, he has a financial stake in the challenged bankruptcy court order, nor has he shown that the bankruptcy court's order affects rights unique to him as a debtor.

## III. CONCLUSION

Kopp is not a "party aggrieved" by the bankruptcy court's order finding the Motion for Resolution of Election Dispute untimely. He lacks standing to bring this appeal. Because we resolve this appeal on issues unrelated to the merits, all of the

---

.... (5) "Debtor." When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: ... (B) if the debtor is a partnership, "debtor" includes any or all of its general partners or, if designated by the court, any other person in control.
Fed.R.Bankr.P. 9001(5)(B).

5. *See also Kehoe,* 221 B.R. at 288–89 (holding that the election of a specific trustee did not impact the debtors either financially or the rights peculiar to them for the following reasons: their estate's *potential* for surplus was not evidence of a direct and adverse pecuniary effect on them; and § 702(a), the provision governing the eligibility requirements for electing a trustee, is intended to protect an estate's creditors, not its debtors).

6. Kopp bases this appeal in an argument that the bankruptcy court erred when it determined that the attempted election of a Chapter 7 Trustee at the § 341 meeting of creditors was invalid. The bankruptcy court found that the attempted election was invalid since the interim trustee filed a report of election controversy and the Motion for Resolution of Election Dispute was not filed within the time limits prescribed in Bankruptcy Rule 2003(d). Since we resolve this appeal on other grounds, we do not reach the merits of Kopp's arguments.

7. Section 702(a) provides:
A creditor may vote for a candidate for trustee only if such creditor—
... (3) is not an insider.
11 U.S.C. § 702(a)(3).

motions relating to the supplementation of the record with a transcript of the § 341 meeting are moot. We order the APPEAL DISMISSED.