**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

GONZALO GOMEZ-OLIVAS,
also known as Anthony M. Flores,

Petitioner.

No. 00-8082
(D.C. No. 96-CR-102-J)
(D. Wyo.)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GONZALO GOMEZ-OLIVAS,

Defendant-Appellant.

No. 00-8094
(D.C. No. 00-CV-185)
(D. Wyo.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In case No. 00-8082, petitioner asks this court to issue a writ of mandamus directing the district court to hear and decide his motion filed in that court pursuant to 28 U.S.C. § 2255. In case No. 00-8094, petitioner seeks review on direct appeal from an order of the district court granting the government an extension of time in which to respond to his § 2255 motion. In the interest of judicial efficiency, we have combined these two matters.

Mandamus is an extraordinary remedy, and a petitioner must demonstrate a clear and indisputable right to such relief. *Weston v. Mann (In re Weston)*, 18 F.3d 860, 864 (10th Cir. 1994). With regard to this petition, we note that the § 2255 matter has been pending in the district court for less than six months, an insufficient delay to warrant mandamus relief. *Cf. Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990). The petition for mandamus is therefore DENIED.

Turning to case No. 00-8094, Mr. Gomez-Olivas asks us to review an order of the district court extending the time in which the government could respond to his § 2255 motion. The jurisdiction of this court to review decisions of the district court in actions brought under § 2255 is limited--with exceptions not relevant here--to "final decisions" of the district court. 28 U.S.C. § 1291; *United States v. Blackwell*, 127 F.3d 947, 950-51 (10th Cir. 1997). A "final" decision is

one that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Under this standard, it is clear that the order appealed from is not a final decision. Mr. Gomez-Olivas' motion to proceed on appeal without prepayment of costs or fees is GRANTED. This appeal is DISMISSED.

Entered for the Court

Wade Brorby
Circuit Judge