**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 9, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

In re: CHERYL L. PEREZ,

   Debtor.

------------------------------

CHERYL L. PEREZ,

   Appellant,

v.

KEVIN P. KUBIE, individually and in his
official capacity as the Chapter 7 Trustee
of the Bankruptcy Estate of Cheryl L.
Perez, Case No. 05-25535-ABC,

   Appellee.

No. 12-1388
(D.C. No. 1:11-CV-02743-CMA)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **HOLLOWAY**, and **BACHARACH**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Cheryl L. Perez appeals from the district court's order dismissing her bankruptcy appeal for lack of standing.  Because we determine that Ms. Perez lacks standing to appeal to this court, we dismiss her appeal.

Ms. Perez filed for relief under Chapter 11 of the United States Bankruptcy Code but soon converted the case to one under Chapter 7.  Kevin P. Kubie was then appointed Chapter 7 trustee of Ms. Perez's bankruptcy estate.  Five years after his appointment as trustee, Mr. Kubie filed his Final Report showing that after he liquidated property and paid administrative expenses and approved distributions, a balance of $573,558.80 was left in Ms. Perez's bankruptcy estate.  The report also showed that the amount in allowable claims was in excess of the amount collected from liquidating Ms. Perez's property, owing largely to a state-court judgment of approximately $710,000 entered against Ms. Perez before she filed for bankruptcy.  In short, the Final Report showed that Ms. Perez was insolvent.  Along with the Final Report, Mr. Kubie submitted an application for $46,377.58 in compensation and expenses.

Ms. Perez filed an adversary complaint against Mr. Kubie as well as an objection to his application for compensation.  The bankruptcy court held a hearing and dismissed Ms. Perez's objection to the application for compensation for lack of standing because her estate was insolvent and she thus had no economic stake in the estate.  The court did, however, reserve judgment on her adversary complaint against the trustee.

Ms. Perez appealed the dismissal to the district court, but the district court concluded she lacked standing to bring the appeal. The court noted that appellate review is only available to a "person aggrieved," and a debtor may only be a "person aggrieved" when the estate is solvent and the excess will eventually go to the debtor. *See Weston v. Mann (In re Weston)*, 18 F.3d 860, 863-64 (10th Cir. 1994). Despite the insolvency of her estate and, thus, apparent lack of standing, Ms. Perez argued that her adversary complaint—at that time still pending in the bankruptcy court—created standing for her to bring the appeal. However, she presented no authority to support her position. Instead, she contended that our holding in *Sherr v. Winkler*, 552 F.2d 1367, 1375 (10th Cir. 1977), that a trustee is not liable for mistakes in judgment where discretion is allowed, was wrongly decided and should be overturned. The district court found this argument was not only meritless but irrelevant to the issue of her standing to appeal a dismissal of her objection to the trustee's application for compensation. The court therefore dismissed Ms. Perez's appeal. Ms. Perez now appeals to this court.

We review the bankruptcy court's factual findings for clear error and conclusions of law de novo. *Broitman v. Kirkland (In re Kirkland)*, 86 F.3d 172, 174 (10th Cir. 1996). Ms. Perez argues that the bankruptcy court erred because a favorable judgment on the merits of her adversary complaint could somehow restore her estate to solvency, thereby giving her standing in this case. But she identifies no law or facts to suggest this is so. She instead raises the same argument about *Sherr v. Winkler* as she did in the district court, inviting us to reverse a case that does not pertain to her circumstances. We

decline this invitation.  As the district court determined, Ms. Perez is not a person aggrieved by the bankruptcy court's decision to grant Mr. Kubie's application for compensation.  The Final Report confirmed that Ms. Perez's estate is insolvent.  Thus, regardless of whether compensation was granted to Mr. Kubie, there was no excess in the estate that could eventually go back to her.  She therefore cannot be a person "whose rights or interests are directly and adversely affected pecuniarily" by the bankruptcy court's order.  *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940 (10th Cir. 1989) (internal quotation marks omitted).

Accordingly, this appeal is dismissed for lack of standing.

Entered for the Court


William J. Holloway, Jr.
Circuit Judge

- 4 -