FILED
United States Court of Appeals
Tenth Circuit

May 22, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re:  LARRY WAYNE PARR, a/k/a
Larry W. Parr, a/k/a Larry Parr,

    Debtor.

-----------------------------

LARRY WAYNE PARR, a/k/a Larry W.
Parr, a/k/a Larry Parr,

    Appellant,

v.

SIMON E. RODRIGUEZ, Chapter 7
Trustee; UNITED STATES TRUSTEE,

    Appellees.

No. 17-1258
(BAP No. 17-019-CO)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Larry Wayne Parr, (Debtor) seeks to appeal the bankruptcy court's order

approving the sale of property to Global Storage, LLC (Global), a claimant to the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

bankruptcy estate (the Sale Order). Debtor did not file any objection to the trustee's motion seeking approval of the sale. Nonetheless, Debtor appealed the Sale Order to the Bankruptcy Appellate Panel of the Tenth Circuit (BAP). The BAP dismissed Debtor's appeal because Debtor lacked standing as a "person aggrieved" by the Sale Order. We agree and dismiss the appeal.

I. Background. In April 2015, Debtor filed a pro se Chapter 11 bankruptcy case in the District of Colorado. At the time, Debtor operated a storage facility on real property located in Colorado (the Property). The Property was owned by the Larry W. Parr Living Trust (the Parr Trust). The bankruptcy court converted the case to a Chapter 7 case and appointed Appellee Simon E. Rodriguez as the Trustee. In August 2016, the bankruptcy court authorized the Trustee to revoke the Parr Trust and transfer the Property and all of its assets to the estate, which the Trustee did in October 2016. Although Debtor had previously represented that he owned no real property, he amended his filings in December 2016, to assert ownership in, and to seek a homestead exemption on, the Property. The Trustee objected to the homestead-exemption request because Debtor had transferred his interest in the Property to the Parr Trust fourteen years before filing for bankruptcy, and did not hold legal title to the Property.

While the homestead exemption motion was pending, the Trustee filed a motion to sell the Property. Prior to filing for bankruptcy, Debtor had filed suit in Colorado court against Global, which owns property adjacent to the Property, asserting he had an easement on Global's property. The state court dismissed

2

Debtor's suit and granted Global's cross-claims against Debtor.  Debtor's appeal from that decision to the Colorado Court of Appeals was pending when he filed for bankruptcy.  Global filed a proof of claim and an adversary proceeding in Debtor's Chapter 7 proceeding, asserting its counter-claims judgment against Debtor was non-dischargeable under 11 U.S.C. § 523(a)(6).

Ultimately, Global and the Trustee entered into an agreement in which Global would purchase the Property for $1.4 million, the estate would dismiss the state court appeal and give up the easement claim against Global, and Global would waive its proof of claim against the estate.  To that end, the Trustee filed a motion (the Sale Motion) on April 24, 2017, seeking authorization to sell the Property pursuant to 11 U.S.C. § 363(b) and (f) in the bankruptcy court, and approval of the compromise agreement between the estate and Global.  Debtor did not file any objection to the Sale Motion or request a hearing.  The bankruptcy court authorized the sale and settlement in the Sale Order issued on May 24, 2017.  On May 26, 2017, Debtor appealed the Sale Order to the BAP.  On June 6, 2017, the bankruptcy court granted the Trustee's objection to Debtor's homestead exemption after an evidentiary hearing (the Exemption Order).[1]

---

[1] On January 26, 2018, the BAP reversed the Exemption Order, ruling that under Colorado law a self-settlor trustee like Debtor retains an ownership interest in the trust's assets.  The BAP remanded for a determination of whether Debtor occupied the Property as his homestead on the date of his bankruptcy petition, and if so, the amount of proceeds he would be entitled to receive from the sale of the Property.  *See Parr v. Rodriguez (In re Parr)*, No. 18-1045, Order at 1-2 (10th Cir. Feb. 22, 2018) (dismissing Debtor's appeal of the BAP order for lack of jurisdiction).

(continued)

The Trustee filed a motion to dismiss the BAP appeal of the Sale Order, arguing Debtor was not an aggrieved party with standing to appeal because he had not filed any objection to the Sale Motion. Debtor did not file a timely response to the Trustee's motion to dismiss. Eight days after the response deadline had passed, Debtor filed a response in which he challenged only the bankruptcy court's Exemption Order; he did not challenge the Sale Order, nor did he address the merits of the Trustee's standing argument. The BAP granted the Trustee's motion to dismiss and later denied Debtor's motion for rehearing. Debtor appeals.

II. Discussion. We review de novo the BAP's dismissal for lack of standing. *See Weston v. Mann (In re Weston)*, 18 F.3d 860, 862 (10th Cir. 1994). As the party invoking federal jurisdiction, Debtor bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

In the bankruptcy context, we apply a prudential standing requirement that "is more stringent . . . than the case or controversy standing requirement of Article III." *C. W. Mining Co. v. Aquila, Inc., (In re C.W. Mining Co.)*, 636 F.3d 1257, 1260 n.5 (10th Cir. 2011) (internal quotation marks omitted). Only a person aggrieved by a bankruptcy court order may seek appellate review of that order. *Id.* at 1260. To qualify as a "person aggrieved," the party must show that his "rights or interests [are] directly and adversely affected pecuniarily by the decree or order of the bankruptcy

_____

On April 26, 2018, the bankruptcy court determined on remand that Debtor did occupy the Property as his homestead at the time of his bankruptcy filing and would be entitled to a $90,000 homestead exemption.

4

court." *Id*. (internal quotation marks omitted). A debtor does not qualify as a "person aggrieved" by a bankruptcy court order "[u]nless the estate is solvent and excess will eventually go to the debtor, or unless the matter involves rights unique to the debtor," such as an "exemption of property from the estate." *In re Weston*, 18 F.3d at 863–64 and 864 n.3. Further, and as particularly relevant here, "[p]rerequisites for being a 'person aggrieved' are attendance and objection at a bankruptcy court proceeding." *Id*. at 864 (internal quotation marks omitted).

Here, in ruling that Debtor lacked standing, the BAP did not make a determination whether the estate was insolvent, though it noted that there were over $2 million in claims filed and the estate's only asset was the Property, valued at the $1.4 million purchase price. Rather, the BAP ruled that Debtor lacked standing because he had not filed any objection to the Sale Motion, nor requested a hearing. The BAP noted that Debtor's response to the motion to dismiss the appeal for lack of standing challenged only the Exemption Order, which had no bearing on the Sale Motion. Thus, the BAP ruled Debtor had failed to demonstrate standing to appeal.

The Trustee has moved to dismiss Debtor's appeal to this court asserting Debtor's lack of standing. The Trustee notes that Debtor fails to meet the first prerequisite of standing under *Weston*, because he did not file any objection to the Sale Motion. Further, the Trustee again asserts Debtor is not a "person aggrieved" because the estate is insolvent, as the claims against the estate total $2,305,550.70, well in excess of the $1.4 million value of its assets.

5

Debtor makes two arguments in response. First, he claims the bankruptcy court lacked authority to approve the Sale Motion while his homestead exemption motion was pending. But this is not an argument that Debtor ever made to the bankruptcy court, as he filed no objection at all to the Sale Motion, nor did he raise this argument before the BAP. He next argues that the Trustee is deceiving the court as to the amount of the claims against the estate, but again, Debtor did not raise this argument before the BAP. Issues not raised on appeal to the BAP are forfeited in appeal to this court. *Foster v. Hill (In re Foster)*, 188 F.3d 1259, 1264 n.5 (10th Cir. 1999). But more fundamentally, Debtor fails to address the basis of the BAP's ruling that he lacked standing, namely, his failure to object to the Sale Motion.

We agree with the BAP that Debtor lacks standing to appeal because he did not object to the Sale Motion. As noted, "[p]rerequisites for being a person aggrieved are attendance and objection at a bankruptcy court proceeding." *In re Weston*, 18 F.3d at 864 (internal quotation marks omitted). In *Weston*, the debtor and a group of creditors opposed the trustee selected by a second group of creditors. The debtor filed an objection and appeared at the hearing, but the first, opposing, group of creditors did not file an objection or appear at the hearing. We held their failure to file an objection or appear at the hearing deprived them of standing to appeal the resulting order. *Id.* ("[H]aving chosen not to participate in [the matter] before the bankruptcy judge, [the appellants] have no standing to appeal the bankruptcy court's resolution of the matter.").

6

Likewise, Debtor did not file an objection to the Sale Motion, nor request a hearing. Under *Weston*, Debtor has not met the prerequisites for being a "person aggrieved." We therefore grant the Trustee's motion to dismiss, and dismiss the appeal.

Entered for the Court


Bobby R. Baldock
Circuit Judge